In the Matter of the Application of GEORGE P. O'ROURKE, Petitioner, Appellant, for an Order against WILLIAM L. GRAUL, as Commissioner of Public Works of the City of Saratoga Springs, and Others, Respondents.

Third Department, January 8, 1941.

*David W. Burke*, for the appellant.

*Francis E. Dorsey*, for the respondents.

FOSTER, J.   Petitioner has appealed from an order of the Supreme Court at Special Term denying his application for an order to reinstate him to the position of superintendent of highways, outside district, of the city of Saratoga Springs, N. Y.

The city of Saratoga Springs is a third class city organized and existing under and by virtue of chapter 229 of the Laws of 1916. All of its legislative powers are vested in a city council consisting of the mayor, commissioner of accounts, commissioner of finance, commissioner of public works and a commissioner of public safety. On August 17, 1916, the city council passed a resolution, which reads in part as follows:

" RESOLVED: That each commissioner shall be entitled to the following deputies, employees and laborers at the salaries set opposite their titles, respectively:   *   *   *

" Superintendent of Streets (Outside District) yearly salary $1200."

Petitioner, an honorably-discharged veteran, was appointed to this position, after a competitive examination, on the 16th day of February, 1925.   He held the position until December 31, 1939, when he received a communication from the commissioner of public works which stated in substance that the position was abolished as of December 31, 1939.   No action had been taken by the city council.

The question at issue is whether the commissioner of public works had the power to abolish the position.   Section 25 of the City Charter (Laws of 1916, chap. 229) provides as follows: " Each

commissioner shall be entitled to such deputies, employees and laborers, and at such compensation and with such bonds as the council may determine; appointments to be made by the head of each department." The charter also provides that the Civil Service Law shall govern the acts of the commissioners (§ 22). Accordingly the position to which petitioner was appointed was placed in the competitive classified service under the Civil Service Law, and the rules and regulations of the municipal civil service commission of the city.

It is the contention of petitioner that the commissioner of public works had no power to abolish the position. The court below has held that the resolution of the city council, as quoted in part, did not create a position which required the action of the council to abolish. With this construction we are constrained to disagree. The charter of the city gave no power to a commissioner to create positions; indeed, it plainly vested that power in the city council, and merely gave the power of appointment to the commissioner. Under the charter the city council could not delegate its legislative power to create an office or position to the head of a department; but it could and did delegate the power of appointment. This is not at all different from the procedure adopted in many municipalities where, for example, the size of the police force is determined by the legislative body but its members are appointed by the mayor, police commissioner, or some other departmental head.

A point is made by respondents that since the action of the council was taken by resolution it did not constitute a legislative mandate. This argument is entitled to but little weight, and for very cogent reasons. *First*, the charter itself provides, " A substantial compliance with any of the provisions of this charter shall be deemed a full performance thereof " (§ 9). *Second*, the resolution was passed unanimously, and hence possessed for all practical purposes the substance of an ordinance even though it did not have the form thereof. But most important of all, not only this position, but all other positions under departmental heads, were either created by this resolution or else they have never legally existed during the intervening years. Manifestly, to quibble at this late date over the form of action taken by the council as to the creation of these offices would merely be an exercise in legal dialectics.

The gist of the matter is that petitioner's position was created by a legislative act and can only be abolished by a similar legislative act. (*Matter of Collins* v. *City of Schenectady*, 256 App. Div. 389; 2 McQuillan on Municipal Corporations [Rev. ed.], § 665.) Moreover, petitioner, as an honorably-discharged veteran of civil

service status, could only be discharged in accordance with the provisions of the Civil Service Law. Since he has not been so discharged, and since his position has never been legally abolished, he is entitled to reinstatement.

The order appealed from should be reversed and petitioner's motion granted, with costs.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order reversed on the law and facts and petitioner's motion granted, with fifty dollars costs.