In the Matter of CHARLES J. SERRA, Respondent, v. MARIO A. PROCACCINO, as Comptroller of the City of New York, et al., Appellants.

Third Department, January 7, 1970.

*Lawrence N. Marcus* for Thomas F. McCoy and another, appellants.

*J. Lee Rankin, Corporation Counsel* (*Edmund B. Hennefeld* and *Stanley B. Buchsbaum* of counsel), for Mario Procaccino, as Comptroller, and another, appellants.

*Morris Weissberg* (*Norman Ingber* of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court at Special Term, entered June 10, 1969 in Queens County, which granted an application, in a proceeding under article 78 of the CPLR to the extent of directing the payment of the difference between the salary appropriated and that paid during a period of three years from July 1, 1965 as Confidential Clerk and as Law Secretary to a Justice of the Supreme Court in Queens County.

In 1946 petitioner, not an attorney of the State, was appointed to serve as Confidential Clerk to a Justice of the Supreme Court in Queens County, his title having been changed on July 1, 1966 to Law Secretary to Justice with no change in duties. The Administrative Board of the Judicial Conference adopted a rule (22 NYCRR 20.3), effective September 1, 1962, which

provided that clerks or confidential clerks to newly elected or appointed Justices of the Supreme Court shall be members of the Bar. Later that rule was amended to prohibit the appointment as a clerk, confidential clerk or appointee serving in a similar capacity of a person not an attorney or graduate of an approved law school eligible to take the Bar examination. In furtherance of that policy the Appellate Division of the First Department and that of the Second Department decided that all future upward salary adjustments be granted only to those persons who met the qualifications imposed by said rule. (Cf. Social Services Law, § 79-a; *Matter of Freedman* v. *Suffolk County Bd. of Supervisors*, 29 A D 2d 661.) For the fiscal year July 1, 1965 through June 30, 1966, the Board of Estimate of the City of New York appropriated sufficient money to pay salaries of $16,442 annually to those holding positions as held by petitioner and for the fiscal years 1966–67 and 1967–68 at the rate of $17,000 per annum, while for those three years petitioner was paid $15,042 per year.

Section 28 of article VI of the State Constitution, effective September 1, 1962, provides that the authority and responsibility for the administrative supervision of the unified court system for the State shall be vested in the Administrative Board and that, in accordance with the standards and administrative policies established by said board, the Appellate Divisions shall supervise the administration and operation of the courts in their respective departments. Section 214 of the Judiciary Law, effective September 1, 1962, requires that, in accordance with the standards and administrative policies established by the Administrative Board, the Appellate Divisions shall supervise the administration and operation of the courts in their respective departments and that each Appellate Division shall, with respect to the courts in its department, be vested with the administrative powers and duties necessary to effectuate the standards and policies established by the Administrative Board pursuant to section 212 of said law.

Subdivision 3 of section 216 of the Judiciary Law gives to each Appellate Division the authority to supervise the preparation of an itemized budget which must list the annual financial needs of the courts in its department. The budget, by virtue of that section and subdivision 7 of section 213 of the Judiciary Law, is then forwarded to the Administrative Board for examination in light of the annual needs of a unified court system, after which it is forwarded to the appropriating body. Thus, it is the Appellate Division, in conjunction with the Administrative Board, which has the initial power to fix salary levels.

Presumably recognizing that such an administrative power to fix salaries existed in the court, as opposed to its being in an appropriating body, chapter 492 of the Laws of 1961 and chapter 640 of the Laws of 1962 each contained the exclusionary provision: " provided, however, that any increase in compensation provided for by this act may be withheld in whole or in part from any officer or employee who, in the opinion of the appropriate appointing authority, does not warrant such increase." The power given to the appropriate " appointing " authority, rather than the appropriate " appropriating " authority is significant.

Although subdivision d of section 29 of article VI of the State Constitution provides that " Insofar as the expense of the courts is not paid by the state in the first instance and is borne by the counties, the city of New York or other political subdivisions, the final determination of the itemized estimates of the annual financial needs of the courts shall be made by the appropriate governing bodies of such counties, the city of New York or other political subdivisions ", it is obvious that said subdivision is concerned with the " final determination of the itemized estimates " and does not mention salaries or compensation. Rather, it refers to annual financial needs of the courts, not to employees or officials. Plainly, the purpose of this constitutional provision is to allow local fiscal authorities the power to review budget estimates and to make appropriations of money in amounts which they deem necessary for annual operation. Clearly, appropriations made by local authorities are " final " to the extent that an amount appropriated for an individual employee cannot be increased beyond the appropriated limit by an Appellate Division or the Administrative Board during the year for which the appropriation is made (*Matter of Dreher* v. *Wagner,* 14 N Y 2d 926; *Matter of Alweis* v. *Wagner,* 14 N Y 2d 923). Thus *Alweis* speaks of the " vested final budgetary power in the Board of Estimate " and " the amount of such salaries in the annual budget." From these facts, it is not a logical extension that money, once appropriated by a local authority for an individual employment position, must be entirely consumed. The idea that exceeding an appropriation would violate the constitutional mandate of " final determination " is sound, because that act is a direct intrusion on the appropriating authority. However, the failure to make use of an entire appropriation does not intrude upon the appropriating authority and includes such policy decisions as the ability of the employee, his length of service and his prospects for future service, as well as availability of personnel. Only if it can be said that the final determination of the local authorities, by vir-

tue of their appropriative power, necessarily includes an administrative power over all appropriations made can the claim of petitioner be credited.

In its 1958 Report, the Temporary Commission on the Courts (p. 24; N. Y. Legis. Doc., 1958, No. 36, p. 24), the body which drafted article VI of the Constitution, said of section 29: "Budgets will be forwarded to the Governor and the Legislature in respect to courts the expense of which is appropriated by the State, and to the governing bodies of counties, the City of New York or other political subdivisions in respect to courts the expense of which is borne by those entities. It should be emphasized that, under the Commission's recommendations, all budget requests are, as the name implies, *requests* and will be finally determined by the appropriating agencies as, in their wisdom, they deem right." Thus, in the opinion of the drafting committee, the power of "final determination" extends solely to the accession, or refusal to accede, in requested budgetary appropriations. It includes no "strings" by which the local authority can control an appropriation once made. Of similar opinion as to the purpose of this provision was the Judicial Conference of the State of New York, in its report, "Recommendations for Modernization of the Court Structure in the State of New York" (1958, p. 18); the Joint Legislative Committee on Court Reorganization in its report, "Judicial Administration: Organization of the Unified Court System of the State of New York" (1962, vol. I, pp. 3, 6); and the Temporary State Commission on the Constitutional Convention in its report, "The Judiciary" (1967, pp. 87–88). Indeed, the Joint Legislative Committee was of the opinion that responsibility for court administration (i.e., policy making on every level) lay with the Appellate Divisions, and the Administrative Board (Report, *supra,* p. 3).

To allow that the power to appropriate given to the Board of Estimate is a power which goes beyond the establishment of maximum quantities, whether the quantity be the highest number of employees or the highest permissible salaries, is to hold also that the Appellate Divisions are required to share with the Board of Estimate, and with other appropriating bodies, policy making powers. Such a notion is entirely unsupported by a plain reading of subdivision d of section 29 of article VI of the Constitution, or its history, and it contravenes the entire purpose of a unified court structure, as well as the spirit and purpose of sections 212 through 216 of the Judiciary Law.

The position taken by the City of New York and the Comptroller thereof indicates that it is not believed by them that the

Board of Estimate has, or desires to have, authority to influence policy in the courts in the manner and to the extent urged by petitioner.

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.