Burke, J.
In each of these three proceedings, the petitioners are nonlawyer “ Law Secretaries to Justices” of the Supreme Court in either the First or Second Departments. Bach claims that increased salaries were unlawfully withheld from him and they brought the proceedings below in an effort to recover the *166 amount of the salary increase claimed to have been unlawfully withheld. Their petitions should be granted.
In 1961, the Legislature made appropriations for increased salaries for “ certain officers and employees of the judiciary ”. (L. 1961, ch. 492.) An additional increase was similarly provided for in 1962 (L. 1962, ch. 640). The legislation in each of these years contained the proviso that ‘ ‘ any increase in compensation provided for by this act may be withheld in whole or in part from any officer or employee [who], in the opinion of the appropriate appointing authority, does not warrant such increase.” (L. 1961, ch. 492, § 3; L. 1962, ch. 640, § 3 [emphasis added]). On April 8, 1964, the Presiding Justices of the Appellate Divisions, First and Second Departments, sent a letter to the Mayor of the City of New York which in effect stated that the Justices of the two Departments had unanimously agreed, pursuant to the authority of article VI of the Constitution and article 7-A of the Judiciary Law, the “ duty ”, as well as the power, has now devolved upon the respective Appellate Divisions to “ exercise the prerogative of the ‘ appropriate appointing authority ’ to withhold in whole or in part from certain of the nonjudicial personnel of the Supreme Court and of the Surrogate’s Court in counties within the City of New York the salary increases which otherwise would be granted to the particular individuals ” by virtue of the salary legislation referred to above. Attached to the letter was a list of employees as to whom the Appellate Division Justices were so ‘‘exercising the prerogative of the ‘ appropriate appointing authority ’” so as to withhold from them the salary increases provided for by the statutes. Petitioners brought these proceedings to challenge that action upon the ground that the Justices of the Appellate Division, First and Second Departments, were not the “ appropriate appointing authority” insofar as “Law Secretaries to Justices ” of the Supreme Court are concerned. Special Term, in two of the proceedings, agreed with the petitioners and gave judgment accordingly. In the third proceeding, however, Special Term agreed with the respondents and dismissed the petition. The Appellate Division, Third Department, held that all three petitions should have been dismissed.
Resolution of the dispute involves the identity of the "appropriate appointing authority ’ ’ insofar as these petitioners are *167 concerned. If the respective Appellate Division Justices were such authority, then the increases were lawfully withheld and the petitions were properly dismissed. If, on the other hand, the “appropriate appointing authority” is a person or body other than the Justices of the Appellate Divisions, then the increases, on this record, were unlawfully withheld and the petitions should be granted. As is plain from the provisions of the Judiciary Law, the individual Justices of the Supreme Court have the power to appoint “Law Secretaries to Justices ” of that court (Judiciary Law, § 157). Moreover, the more general provisions of the Judiciary Law relied upon by the respondents to support the action taken by the Appellate Divisions in withholding salary increases from these petitioners themselves equally clearly demonstrate that these general administrative powers of the Appellate Divisions must give way to the specific power of appointment residing in the individual Justices of the Supreme Court. Under section 214 of the Judiciary Law, the Appellate Divisions are vested with the administrative powers necessary to effectuate the policies formulated and adopted by the Administrative Board of the Judicial Conference and each Appellate Division has the authority to supervise the preparation of an itemized budget which must list the annual financial needs of the courts in each Department (Judiciary Law, § 216). Neither of these provisions, however, makes even a passing reference to the power to appoint law secretaries to Justices of the Supreme Court. Instead, section 222 of the Judiciary Law specifically provides that wherever, under existing law, a Judge or Justice is empowered to appoint personal assistants, that power is to continue, after the court reorganization in 1962, “ notwithstanding the provisions of section two hundred fourteen of this chapter [Judiciary Law] ” subject to the standards and policies adopted by the Administrative Board of the Judicial Conference. The pre-existing power, provided for by section 157 of the Judiciary Law, of Justices of the Supreme Court as to appointment of persons such as these petitioners was thus expressly preserved at the time of court reorganization and continues, subject to the standards and policies adopted by the Judicial Conference. It is, therefore, clear that the Appellate Division Justices were not the appropriate appointing authority empowered by the salary legislation to withhold all or part of *168 the salary increases from the petitioners. Indeed, the letter to the Mayor at least inferentially recognizes this conclusion since it indicates that the writers merely exercised the prerogative of the appropriate appointing authority and did not purport to be the appointing authority. It is, therefore, clear that the Justices of the Appellate Division, First and Second Departments, lacked the authority to withhold the increases in question from these petitioners.
Accordingly, the orders of the Appellate Division, Third Department, should be reversed and the petitions granted.
Judges Scileppi, Breitel, Jasen, Marsh,* Aronson* and Bryant* concur.
In Matter of Gilligan: Order reversed, without costs, and petition granted.
In Matter of Mariconda: Order reversed, without costs, and judgment of Special Term reinstated.
In Matter of Serra: Order reversed, without costs, and judgment of Special Term reinstated.

 Designated pursuant to section 2 of article VI of the State Constitution in the temporary absence of Chief Judge Fuld and Judges Bergan and Gibson.