(February 11, 1971)

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN H. MAYO, Also Known as JOHN H. LAWSON, Respondent.— Memorandum: Defendant is charged with burglary third degree and petit larceny. A pretrial suppression hearing (erroneously referred to as a *Huntley* hearing) was conducted to determine whether the four-fold *Miranda* warning had been given at the time defendant was interrogated. The officer testified that he had given the required warning. Defendant testified that he was not advised of his constitutional rights. At the conclusion of the proof the court reserved decision. Defense counsel then requested a *Huntley* hearing. The prosecutor replied that defendant was not entitled to a *Huntley* hearing. Neither the minutes of the hearing nor the stipulation of agreed facts indicates that the issue of voluntariness had been litigated or established beyond a reasonable doubt. It was stipulated that "the Court held that this oral confession was proper and legally taken, therefore, admissible in trial." It is significant that the court made no express finding

---

* Not published with other decisions of February, 1971, 36 A. D. 2d 677. [Rep.

on the question of voluntariness. Furthermore, the officer was never cross-examined as to the credibility of his recollection of statements alleged to have been made by defendant. Before the case was reached for trial the officer died. Thereafter defense counsel moved for an order precluding the People from introducing into evidence upon the trial a transcript of the testimony of the officer stating that " defendant has not had an opportunity to cross-examine the police officer as to the contents of the statement or to the actual existence of such a statement; that upon the *Huntley* hearing, the purpose of the hearing was to determine the admissibility of the statement, if it existed, and the voluntariness of the statement." The court in a written decision granted the motion. In *People* v. *Huntley* (15 N Y 2d 72) the court said at page 78: " (a) We adopt for New York State the so-called Massachusetts procedure described in the *Jackson* v. *Denno* opinion at pages 378–379 of 378 United States Reports ' under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused ' and has made express findings upon the disputed fact question of voluntariness  *  *  *  (b) The Judge must find voluntariness beyond a reasonable doubt before the confession can be submitted to the trial jury. The burden of proof as to voluntariness is on the People." The deceased officer had not been examined on the question of voluntariness of defendant's alleged oral confession, consequently defense counsel had not been afforded an opportunity to conduct a complete and adequate cross-examination on that issue. Likewise, he had not been accorded an opportunity to test by cross-examination the officer's recollection of the accuracy of the statements alleged to have been made by defendant. In these circumstances defendant was denied the right of confrontation and cross-examination guaranteed by the Sixth Amendment. He was not confronted with the witnesses against him, and the testimony of the witnesses on the above issues was not taken in his presence with a full and effective cross-examination. For the reasons stated, we conclude that the People should not be permitted to use upon the trial the testimony of the deceased officer. The admission of the testimony in question would deprive defendant of his constitutional right of confrontation. (*Pointer* v. *Texas,* 380 U. S. 400.) The authorities cited in the dissenting memorandum on the question of confrontation are clearly distinguishable on their facts. In the light of this record it is not necessary to decide whether the testimony of a deceased witness given at a *Huntley* hearing is admissible upon the trial. All concur, except Moule, J., who dissents and votes to reverse and deny the motion, in the following memorandum: After a *Huntley* hearing, defendant's motion to suppress an oral statement implicating him in a burglary was denied. Although my colleagues mention the hearing as one erroneously referred to as a *Huntley* hearing, the attorneys referred to it as a *Huntley* hearing both at the time of the hearing, at the time of the motion to suppress and also stipulated in the record before this court that it was a *Huntley* hearing. The clerk's minutes also refer to it as a *Huntley* hearing and the Judge in his memorandum suppressing the transcript of the hearing referred to it as a *Huntley* hearing. The police officer to whom defendant gave the statement died prior to trial. An order was entered precluding the prosecution from using a transcript of the *Huntley* hearing on the ground that its use would violate defendant's rights under the Sixth Amendment of the United States Constitution, section 6 of article I of the New York State Constitution, and section 8 of the Code of Criminal Procedure. This, in my opinion, was error. The admission of prior trial testimony of a witness, unavailable at the time of the second trial, does not violate the right of confrontation. (*Mattox* v. *United States,* 156 U. S. 237.) Testimony given at a prior hearing, where the right of cross-examination was not limited, is admissible if the witness died or is unavailable. (*California* v. *Green,* 399 U. S. 149; cf. *Pointer* v. *Texas,*

**800**

380 U. S. 400.) A suppression hearing is part of a trial. (*People* v. *Anderson,* 16 N Y 2d 282.) If testimony at a prior trial may be read in evidence, then *a fortiori* testimony taken at the same trial is admissible. In any event, the exceptions listed in the Code of Criminal Procedure (§ 8) are not intended to restrict the use of prior testimony but to point out specific instances in which it may be utilized. (Cf. *Fleury* v. *Edwards,* 14 N Y 2d 334.) The right of confrontation is complied with if the defendant at any stage of the proceeding is confronted with witnesses against him, and the testimony of the witnesses is taken in his presence with a full and complete right of cross-examination. (*People* v. *Hines,* 284 N. Y. 93, 115; *People* v. *Elliott,* 172 N. Y. 146; *People* v. *Maloney,* 274 App. Div. 963; *People* v. *Vitusky,* 155 App. Div. 139.) The failure to cross-examine is a waiver of the right. (*Matter of White,* 2 N Y 2d 309.) (Appeal from order of Oneida County Court granting motion to preclude testimony.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.