■ In the Matter of ROBERT MORRIS, Respondent, v. ABRAHAM D. BEAME, as Comptroller of the City of New York, et al., Appellants.— Appeals from a judgment of the Supreme Court at Special Term, entered May 10, 1971 in New York County, which granted an application, in a proceeding under CPLR article 78, to direct respondents to prepare the necessary payrolls and to pay to the petitioner the difference between the salary appropriated and fixed in the annual expense budget of the City of New York for his position of Chief Clerk in the Criminal Court of the City of New York and that paid during the period from September 15, 1967 to December 31, 1969. On September 15, 1967 respondent was appointed to the position of Chief Clerk of the Criminal Court of the City of New York, which position is an ungraded exempt position. He served in such position until his retirement on December 31, 1969. The annual expense budgets of the City of New York for the fiscal years ending June 30, 1968, June 30, 1969 and June 30, 1970 appropriated $18,000, $19,000 and $20,000, respectively, to pay the salary to the Chief Clerk of the Criminal Court of the City of New York. However, by determinations of the Appellate Divisions of the First and Second Judicial Departments, respondent was paid a salary at a rate which was $1,000 per annum less than the amounts appropriated. Respondent has commenced an article 78 proceeding to recover the difference between the salary he received and the amount appropriated for his position in the expense budgets. Special Term concluded that, once the Board of Estimate of the City of New York fixed the salary for the position of Chief Clerk of the Criminal Court of the City of New York, appellants were without authority to decrease this amount. It therefore granted the petition. In a proceeding brought by. a nonlawyer confidential clerk to a Justice of the Supreme Court in Queens County to recover the difference

between the amount that had been appropriated for his position by the Board of Estimate of the City of New York and the amount which the Justices of the Appellate Division, First and Second Departments, had fixed as his salary pursuant to legislation permitting the appropriate appointing authority to withhold salary increases from any officer or employee which it felt did not warrant the increase, this court, in an analysis of the problem (*Matter of Serra* v. *Procaccino*, 33 A D 2d 210, 213–214), stated: "Plainly, the purpose of this constitutional provision is to allow local fiscal authorities the power to review budget estimates and to make appropriations of money in amounts which they deem necessary for annual operation. Clearly, appropriations made by local authorities are 'final' to the extent that an amount appropriated for an individual employee cannot be increased beyond the appropriated limit by an Appellate Division or the Administrative Board during the year for which the appropriation is made (*Matter of Dreher* v. *Wagner*, 14 N Y 2d 926; *Matter of Alweis* v. *Wagner*, 14 N Y 2d 923). Thus *Alweis* speaks of the 'vested final budgetary power in the Board of Estimate' and 'the amount of such salaries in the annual budget.' From these facts, it is not a logical extension that money, once appropriated by a local authority for an individual employment position, must be entirely consumed. The idea that exceeding an appropriation would violate the constitutional mandate of 'final determination' is sound, because that act is a direct intrusion on the appropriating authority. However, the failure to make use of an entire appropriation does not intrude upon the appropriating authority and includes such policy decisions as the ability of the employee, his length of service and his prospects for future service, as well as availability of personnel. Only if it can be said that the final determination of the local authorities, by virtue of their appropriative power, necessarily includes an administrative power over all appropriations made can the claim of petitioner be credited." The Court of Appeals, although reversing the determination (*Matter of Gilligan* v. *Procaccino*, 27 N Y 2d 162*), did so on a different ground. It held that the Appellate Division Justices were not the appropriate appointing authority empowered to withhold all or part of the salary increases. In so holding, it was stated (p. 167) that: "If the respective Appellate Division Justices were such authority, then the increases were lawfully withheld and the petitions were properly dismissed." Since the salary here was fixed by the appropriate authority (see State Finance Law, § 44; cf. *Matter of Rein* v. *Wagner*, 25 A D 2d 356, affd. 18 N Y 2d 989), the judgment must be reversed and the petition dismissed. Judgment reversed, on the law and the facts, and petition dismissed, with costs. Greenblott, J. P., Cooke, Simons, Kane and Reynolds, JJ., concur.

---

* Three cases, *Matter of Gilligan* v. *Procaccino* (33 A D 2d 943), *Matter of Mariconda* v. *Procaccino* (33 A D 2d 943) and *Matter of Serra* v. *Procaccino* (33 A D 2d 210), were decided jointly.