Harold E. Koreman, J.
Plaintiff, a Court of Claims Judge appointed pursuant to chapter 603 of the Laws of 1973 and assigned to the Supreme Court, Bronx County, to preside over *825 cases growing out of the Emergency Dangerous Drug Control Program, seeks to compel defendants (Commissioner of the Division of Criminal Justice, the State Administrative Judge, and the State Budget Director) to apportion funds for three personal assistants to be assigned to his chambers. In the first cause of action a judgment is sought declaring that plaintiff is entitled to the same basic level of supportive chamber personnel as is provided for Judges of the Court of Claims; that defendants forthwith apportion funds for three personal assistants for plaintiff at appropriate levels of compensation not less than those provided for personal assistants of Judges of the Court of Claims generally, and that the plan prepared pursuant to the Emergency Dangerous Drug Control Program be amended accordingly. In a second cause of action an order is sought enjoining defendants and their successors from denying to the plaintiff equal treatment in the provision of ancillary services and personnel as is supplied generally for other Judges similary situated in the unified court system. Plaintiff also moves for summary judgment on his first cause of action, and for an injunction pendente lite. The defendants have moved for dismissal of the action on the grounds that the court does not have jurisdiction of the subject matter; that the complaint fails to state a cause of action and that plaintiff lacks standing to challenge the procedures set forth in section 1 of chapter 603 of the Laws of 1973.
Plaintiff takes the position that the plan prepared by defendant Murray and the predecessor of defendant Bartlett for allocation of the lump-sum budget appropriation for administration of the Emergency Drug Control Program pursuant to section 1 of chapter 603 of the Laws of 1973 constitutes a denial of equal protection of the larvs as to him. Plaintiff complains that he is being illegally denied adequate personal assistants as a Judge of the Court of Claims, since the allocation of the lump-sum appropriation for administration of the Emergency Drug Control Program, (assignment of Court of Claims Judges to Narcotics Parts of Supreme Court), provides for the appointment of a law secretary for each Court of Claims Judge, Avhereas the judicial budget as enacted by the Legislature provides for a confidential attendant, a secretary and a law secretary for each Judge presiding over civil cases in the Court of Claims.
The plan prepared by defendants and as approved by the Administrative Board of the Judicial Conference for the operation of the Narcotics Parts of Supreme Court calls for the employment of a court staff in various designated positions *826 to be available for the Justices assigned to those parts, and out of the personnel provided for each Narcotics Part, only the law secretary is assigned to the chambers of each individual Judge. Plaintiff alleges that it is destructive of the independence of the judiciary and inconsistent with constitutional principles of • co-ordinate branches of government, for executive officials, defendants Murray and Dunham to possess or purport to exercise a power to deny some Judges of a court the ancillary services provided in general to all Judges thereof. As stated in St. Clair v. Yonkers Raceway, (13 N Y 2d 72, 76) the constitutionality of a State statute can only be tested 'by one personally aggrieved thereby, and then only if the determination of the grievance requires a determination of constitutionality. The constitutionality of the .statute (L. 1973, ch. 603) pursuant to which the plan for the administration of the Narcotics Parts of Supreme Court was formulated and approved by the Administrative Board of the Judicial Conference, has been established. (Matter of Taylor v. Sise, 33 N Y 2d 357.) Since plaintiff does not have a legally protectible interest in the appointment of chamber personnel he is not personally aggrieved by the provisions of the plan above set forth. Consequently, plaintiff lacks standing to challenge the plan. (Matter of Taylor v. Sise, supra; St. Clair v. Yonkers Raceway, supra; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.04.)
Assuming, arguendo, that plaintiff had standing to maintain this action, it must, nevertheless, fail. While some employees are under his direction and supervision, they are in fact employees of the court system, and their assignment to plaintiff’s court is made in the interest of effective court administration only. Plaintiff has no individual or personal right to the assignment of court personnel to him. It cannot be said, therefore, that plaintiff has been deprived of equality in the enjoyment of a basic civil or political right in not being afforded the personal staff he seeks. The Legislature exercised its constitutional power and expanded the possible number of Judges on the Court of Claims; the Governor exercised his constitutional power and appointed a number of Judges of the Court of Claims; and the Appellate Division exercised its constitutional power and designated some of these Judges to act as Supreme Court Justices. There is no constitutional infirmity in the actions of any of the three branches of government. (Matter of Taylor v. Sise, supra, p. 366.)
Defendants’ motions are granted, and the complaint is in all respects dismissed.