■ DONALD ZIMMERMAN, Appellant, v ARCHIBALD R. MURRAY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 21, 1975 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint. Plaintiff was appointed a Judge of the Court of Claims pursuant to section 7 of chapter 603 of the Laws of 1973 (the Emergency Dangerous Drug Control Law). By designation of the Appellate Division he is an acting Supreme Court Justice assigned to the criminal term of the Supreme Court in Bronx County. Plaintiff alleges in his complaint that defendant Bartlett, the State Administrative Judge, has assigned him only one assistant, a secretary, and that Court of Claims Judges appointed from the New York City area are supplied with three personal assistants, a law secretary, a secretary and a confidential attendant. Plaintiff seeks by this action to compel defendants to apportion funds so as to provide him with three personal assistants and to enjoin defendants from denying him equal treatment in the provision of ancillary services and personnel. Special Term dismissed the complaint on the grounds that plaintiff has no standing to challenge the plan for the Narcotics Part of Supreme Court and that plaintiff has failed to state a cause of action. This appeal ensued. Basically, it is plaintiff's contention that he is being unequally treated as a Court of Claims Judge because he has been denied three personal assistants. He argues that the action of defendants deprives him of equal protection of the laws and is an impermissible classification of Court of Claims Judges. As to the question of standing, it is clear from an examination of recent cases that the trend in this State is to expand the concept of standing. (*Boryszewski v Brydges,* 37 NY2d 361; *Matter of Burke v Sugarman,* 35 NY2d 39.) In the instant case plaintiff is substantially affected by the administrative action and the one most likely to seek invocation of the judicial process to test the propriety of the allegedly improper acts. Plaintiff, therefore, in our view, has standing to maintain this action. We now pass to the merits and, specifically, to plaintiff's contention that he was denied equal protection. It is significant that section 7 of chapter 603 of the Laws of 1973 amended the Court of Claims Act to provide two separate classes of Court of Claims Judges: (1) those mentioned in section 2 (subd 2, par [a]) were 17 in number and were to continue to hear civil cases; and (2) those mentioned in section 2 (subd 2, par [b]) were assigned to Narcotics Parts and may not be reappointed or replaced. Plaintiff falls within the latter group. The mere fact that there is a form of classification does not, in and of itself, establish a denial of equal protection. A resolution of this issue revolves around the reasonableness of the classification. The so-called "603" judges came into being as the result of legislation intended to cope with a widely-anticipated increase in dangerous drug felony prosecutions (*Matter of Taylor v Sise,* 33 NY2d 357, 362), a large

portion of which would undoubtedly take place in the New York City area. The issue for our determination narrows to whether a reduction in plaintiff's personal assistants bears a fair and substantial relation to the legislative scheme. We believe it does. Chapter 603 authorized and directed defendants to prepare a plan for the efficient application of existing judicial resources and of such additional resources as are authorized by said act. Defendants must administer the program seeking the maximum efficiency of the entire court structure within the funds appropriated. Conceivably, different types of supportive assistance might be required at a civil term as compared to a criminal term. As defendants point out, more security officers would be needed at a criminal term involving drug prosecutions. We note also that plaintiff makes no claim that his supportive services are inadequate. The judgment, in our view, should be affirmed. We have examined the other issues and arguments advanced by plaintiff and find them unpersuasive. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur. [80 Misc 2d 824.]