In the Matter of ARTHUR E. BLYN et al., Respondents, v RICHARD J. BARTLETT, as State Administrative Judge, et al., Appellants.

In the Matter of JOSEPH P. ACER et al., Respondents, v MAYOR OF THE CITY OF NEW YORK et al., Appellants. (Proceeding No. 1.)

In the Matter of ALFRED M. ASCIONE et al., Respondents, v CITY OF NEW YORK et al., Appellants.

In the Matter of CONFIDENTIAL ATTENDANTS ASSOCIATION OF THE SUPREME COURT et al., Respondents, v RICHARD J. BARTLETT, as State Administrative Judge, et al., Appellants. (Proceeding No. 2.)

Third Department, January 15, 1976

444

*Michael R. Juviler (Michael Colodner, Joseph Milano* and *Arthur Weinstein* of counsel), for Richard J. Bartlett and others, appellants.

*W. Bernard Richland, Corporation Counsel (Leonard Koerner, L. Kevin Sheridan* and *Rosemary Carroll* of counsel), for the Mayor of the City of New York and others, appellants.

*Szold, Schapiro & Coster (John I. Coster* of counsel), for Arthur E. Blyn and others, respondents.

*Julien & Schlesinger, P.C. (Alfred S. Julien, Stuart A. Schlesinger* and *David Jaroslawicz* of counsel), for Joseph P. Acer and others, respondents.

*Shea, Gould, Climenko, Kramer & Casey (Francis Bergan, Saul S. Streit* and *Richard L. Spinogatti* of counsel), for Alfred M. Ascione and others, respondents.

*Stroock, Stroock & Lavan* for Confidential Attendants Association of the Supreme Court and others, respondents.

*Robert H. Silk* for New York State Trial Lawyers Association, *amicus curiae.*

*Howard B. Sherman* and *Michael W. Brody* for New York County Lawyers Association, *amicus curiae.*

*Alvin Mitchel* for Bronx County Bar Association, *amicus curiae.*

*Hershman & Leicher, P.C. (Harold M. Hershman* of counsel), for Queens County Bar Association, *amicus curiae.*

LARKIN, J. These appeals, each involving separate proceedings consolidated at Special Term, arise from the same facts and involve similar issues.

Because the petitioners in these various proceedings are the persons most substantially affected by the allegedly improper acts of the appellants and, therefore, the persons most likely to invoke the judicial process to seek redress therefor, we reject all claims as to lack of standing to bring these suits *(Boryszewski v Brydges,* 37 NY2d 361; *Zimmerman v Murray,* 50 AD2d 668).

On November 7, 1961, a new article VI to the New York State Constitution was adopted which restructured the administration of the courts in the State and created a unified court system (NY Const, art VI, § 1). The Administrative Board of the Judicial Conference is given the authority and responsibility for the administration of the court system, including the establishment of standards and administrative policies for State-wide application (NY Const, art VI, § 28; Judiciary Law, § 212). The determination of how the cost of operating and maintaining the court system should be allocated is the duty of the Legislature (NY Const, art VI, § 29, subd a), but to the extent that the expense of the courts is borne by the counties, the City of New York, or other political subdivisions, rather than the State, "the final determination of the itemized estimates of the annual financial needs of the courts shall be made by the appropriate governing bodies of such * * * [local political entities]" (NY Const, art VI, § 29, subd d).

Pursuant to paragraph (k) of subdivision 2 of section 211 of the Judiciary Law, the State Administrator of the unified court system submits to the Administrative Board itemized estimates of the annual financial needs of the courts. The Administrative Board examines these estimates, determines how the moneys are to be used and forwards the estimates, with recommendations and comments, to the appropriating body (Judiciary Law, § 213, subd 7; NY Const, art VI, § 29, subd b). These estimates include units of appropriation supported by schedules containing individual line items showing how the unit totals are determined. The supporting schedules are not part of the budget, however, and are included with the

budget for informational purposes only (New York City Charter, § 117). Therefore, the "final determination" of the itemized estimates, which is to be made by the New York City Council, constitutes neither an approval or a disapproval of the individual line items, such as those relating to the positions of Civil Court Law Secretaries or Confidential Attendants in issue herein.

Once the appropriating body arrives at its "final determination", it may not dictate how the appropriated money is to be spent *(Matter of Morris v Beame,* 39 AD2d 803, affd 31 NY2d 812; *Matter of Serra v Procaccino,* 33 AD2d 210, revd on other grounds 27 NY2d 162). The administration of the courts remains within the province of the Administrative Board and the Appellate Divisions.

In May, 1975, in response to the fiscal crisis confronting New York City, the appellant Mayor requested that the State Administrative Judge present an "austerity budget" for the courts within the City of New York for the fiscal year 1975–76. It was further requested that an alternative "crisis budget" be prepared in the event that certain expected revenues failed to materialize. After the submission of the original budget, the Administrative Judge was requested to submit a revised budget reflecting savings in the sum of 5.8 million dollars, although, because of expected increases in revenue, the new budget would reflect only 4.8 million dollars in cuts. By resolution adopted September 26, 1975, and dated October 15, 1975, the Administrative Board of the Judicial Conference directed, among other things, that the positions of Civil Court Law Secretary and Confidential Attendant to the Supreme Court Justices in the First Judicial District be eliminated. Because of subsequent developments and a worsening situation, the Mayor advised the Administrative Judge that additional cuts in the court budget of 7.35 million dollars were required, meaning that the courts now had to reduce their annual budget by a total of 13.15 million dollars. The cuts in services and personnel included the closing of some courts, the nonretention and nonappointment of certain Judges, and the elimination of a total of 802 positions from court staffs, including those which are the subject of these proceedings, although the 120 Civil Court Law Clerk positions which were to be eliminated were to be replaced by a pool of 40 Law Assistants.

By letters dated October 27, 1975, all Law Secretaries to

Civil Court Judges were notified that they would be dismissed as of November 21, 1975. By letters dated November 5, 1975, the Confidential Attendants were notified that their services were terminated effective December 5, 1975. In both proceedings Special Term annulled and set aside the determination of the Administrative Board directing the elimination of the positions and enjoined appellants from taking further steps to eliminate the jobs.

Section 222 of the Judiciary Law provides, insofar as is relevant herein: "Wherever, under the provisions of any law heretofore adopted, a judge or justice of the unified court system is authorized to appoint personal assistants to render to him legal or clerical services, the power of such judge or justice to make such appointments shall continue * * * subject to the final determination of budgets by appropriating bodies as provided in section twenty-nine of article six of the constitution." This section is crucial to each of the instant appeals.

When a position is created or a term of office fixed by a legislative act, the budgetary authority has no power to abolish that position or shorten that term by refusing to appropriate the funds necessary to meet payroll requirements (*Matter of Friedman v D'Antoni,* 50 AD2d 9; *Matter of O'Rourke v Graul,* 261 App Div 87, affd 285 NY 755; *Matter of Collins v City of Schenectady,* 256 App Div 389). Petitioners claim that the positions of Civil Court Law Secretary and Confidential Attendant to Supreme Court Justices in the First Judicial District have been created by legislative act and thus may be abolished only by statute.

The position of Civil Court Law Secretary originated under subdivision 9 of section 7-a of the former New York City Municipal Court Code and section 8 of the former New York City Court Act. The position of Confidential Attendant finds its authority in section 166 of the Judiciary Law, which empowers each of the justices of the Supreme Court in the First Judicial District to appoint and at pleasure remove four "attendants upon the court". Traditionally, one of these "attendants upon the court" has served as the "confidential attendant" to an individual Supreme Court Justice. Section 222 of the Judiciary Law subjects the power of Judges or Justices to appoint personal assistants to render to him legal or clerical services, such as the petitioners in both of these appeals, which existed "under the provisions of *any* law

heretofore adopted" (emphasis supplied) to the "final determination of budgets by appropriating bodies". All of the statutes authorizing the appointment of petitioners herein were in existence prior to the enactment of section 222 and we must assume that anything contained in section 222 controls the said prior statutes. Because there is no independent statutory authority for any of these positions which is not subject to section 222, we are limited to deciding whether petitioners can sustain their position under this section.

In our view, the reliance by the petitioners in both appeals upon section 222 of the Judiciary Law is misplaced because this statute specifically provides that the appointment of personal assistants to justices is subject to the "final determination" of the local appropriating body (Judiciary Law, § 222; NY Const, art VI § 29). Under the plain meaning of section 222, the very "power" of the Justices to make the appointments is subject to the approval of the local appropriating body. A court is obliged to construe statutory language literally and in accordance with the plain meaning of its words (McKinney's Cons. Laws of N.Y., Book 1, Statutes, § 94). *O'Rourke, Friedman* and *Collins (supra),* all of which involved attempts by budgetary authorities to eliminate legislatively created positions by refusing to appropriate the funds needed for salaries, are inapplicable to any claim under section 222 of the Judiciary Law in that the latter contains a specific legislative contingency upon the power of the Justices to appoint personal assistants which did not exist in the cited cases.

*Matter of McCoy v Mayor of City of N. Y.* (73 Misc 2d 508, mod on other grounds 41 AD2d 929), is also distinguishable. In *McCoy,* New York City, which had been ordered to appropriate funds for the new housing part of the New York City Civil Court recently created by the Legislature, argued that it alone was empowered to make the final determination of the budgetary sums to be allotted to the courts and refused to appropriate any funds at all for the new housing part. Special Term stated: "Respondents certainly have discretion concerning the extent of the budgetary allotment, but again they may not radically exercise the fiscal estimates to a degree that would debilitate the courts, or a part thereof, and render them anemic or impotent" *(Matter of McCoy v Mayor of City of N. Y., supra,* p 511). In the instant appeals, in contrast, the city, as the local appropriating body, has not refused to make any appropriations for the Civil or Supreme Courts, and it is

merely the extent of the allotments which is in question. Although it is apparent that the Civil Court Law Secretaries and the Confidential Attendants perform extremely valuable functions, it cannot be said that their removal to the extent discussed herein would "debilitate" the Civil or Supreme Courts.

We disagree, however, with the argument advanced by appellants that the Administrative Board and/or Administrative Judge have the power to unilaterally eliminate these positions. Under the clear terms of section 222 of the Judiciary Law and section 29 of article VI of the New York State Constitution the "final determination" of the budgets in these appeals is in the hands of the "appropriate governing bodies of * * * the city of New York" (NY Const, art VI, § 29, subd d). Under the constitutional and statutory scheme above described, the elimination of the positions requires the co-operation of both the Administrative Board and the city. We hold only that the board is empowered to forward to the city a budget which eliminates the positions in issue herein and that the city, by approving the budget submitted by the board, may make a "final determination" eliminating the positions.

We reject the arguments made by the petitioners in both appeals based upon the participation of the Administrative Board or State Administrative Judge in the budgetary process. We find the system above described whereby the Administrative Judge and Administrative Board, in co-operation with the Appellate Divisions, have the authority for preparing itemized judicial budgets for final approval by the local governing body actually bearing the expense to be rational and proper. We find no violation of the doctrine of separation of powers. We cannot say that, in view of the particularly difficult times faced by the City of New York, the elimination of the positions in issue on these appeals was arbitrary or an abuse of discretion. We find no merit to the allegation of petitioners that improper budget modification procedures were used to eliminate their positions. The remaining arguments advanced by petitioners are without merit.

The judgment in consolidated proceeding No. 1 should be reversed, on the law, without costs, and the petitions dismissed.

The judgment in consolidated proceeding No. 2 should be modified, on the law, by reversing the second, third, fourth,

fifth and sixth paragraphs thereof, and, as so modified, affirmed, without costs.

SWEENEY, J. P., KANE, MAIN and REYNOLDS, JJ., concur.

Judgment in consolidated proceeding No. 1 reversed, on the law, without costs, and petitions dismissed.

Judgment in consolidated proceeding No. 2 modified, on the law, by reversing the second, third, fourth, fifth and sixth paragraphs thereof, and, as so modified, affirmed, without costs.