OPINION OF THE COURT
Arnold Guy Fraiman, J.
Petitioners in this proceeding brought pursuant to CPLR article 78 are members of the Bar employed as Law Assistant I’s in the Civil, Criminal and Family Courts in New York City. *887 By their petition they seek to invalidate a determination of the Administrative Board of the Judicial Conference of the State New York which created the position of Law Assistant-Trial Part, on the ground that no notice was given prior to the creation of the new position and no hearing was held at which petitioners were afforded an opportunity to submit their objections to its creation.
Following the assumption by the State of all court costs in the spring of 1977, the Office of Court Administration requested and received funds to provide personal legal assistants to acting Justices of the Supreme Court and to Judges of the Civil, Criminal and Family Courts. In this connection, a new title of Law Assistant-Trial Part was created for the courts in New York City on January 18, 1978. Legal assistance to the Judges of these courts had theretofore been provided by Law Assistant I’s who worked out of a pool. It is conceded that this latter position will for the most part become superfluous once the Law Assistant-Trial Part program is fully implemented.
Petitioners contend that under subdivision 1 of section 212 of the Judiciary Law they were entitled to notice, a public hearing, and an opportunity to object to the proposed change prior to its enactment and that this was denied them. On the other hand, respondent, who is the Administrative Judge of the Administrative Board of the Judicial Conference, argues that no prior notice was required for such a change and that, in any event, effective notice and sufficient hearing were provided. Respondent also contends that petitioners have no standing to bring the instant proceeding because they are not "affected employees” as that term is used in subdivision 1 of section 212. That section provides as follows: "Before adopting new standards and policies which affect the non-judicial personnel, the administrative board shall give notice of the proposed new standards and policies and shall give notice of and hold a hearing at which affected employees or their representatives shall have an opportunity to submit criticisms, objections, and suggestions relating to such proposed standards and policies.”
Turning first to the issue of standing, it is respondent’s position that inasmuch as there has been no change in the standards and policies that govern petitioners’ employment, they are not affected employees entitled to notice and a hearing. While this premise may technically be correct, the conclusion is specious, since as respondent himself concedes, *888 the creation of the position of Law Assistant-Trial Part will result in the virtual elimination of petitioners’ positions. This being the case, they certainly are "persons most substantially affected by the allegedly improper acts * * * and, therefore, the persons most likely to invoke the judicial process to seek redress therefor”. (Matter of Blyn v Bartlett, 50 AD2d 442, 445, affd 39 NY2d 349; see, also, Boryszewski v Brydges, 37 NY2d 361; Zimmerman v Murray, 50 AD2d 668.)
In support of his contention that the nature of the change here involved did not require notice and a hearing, respondent relies upon Matter of Blyn v Bartlett (84 Misc 2d 394, revd 50 AD2d 442, affd 39 NY2d 349). In that case Special Term held that the Administrative Board was without authority to eliminate the position of law secretary to Judges of the Civil Court, but that even assuming it possessed such authority, its attempt to do so was ineffectual because it failed to give notice and hold a hearing as required by section 212. The Appellate Division in reversing Special Term, and the Court of Appeals in affirming the reversal, held that under section 222 of the Judiciary Law the secretary positions were not eliminated when the Administrative Board forwarded to the City Council and Board of Estimate a budget containing no appropriation for that position, but that the "final determination” eliminating the positions was made only when the council and board approved the budget as submitted. In so concluding, respondent argues, the appellate courts held, sub silentio, that no hearing was necessary before the secretary positions were eliminated, and this holding, it is contended, is precedent for the board’s failure to provide notice and a hearing in the instant case. However, the Blyn case (39 NY2d 349, supra) must be considered in light of the budgetary crisis that then prevailed, inasmuch as it is apparent that the city’s severe financial straits played an important role in the Court of Appeals’ determination that the procedures followed in eliminating the secretary positions were in compliance with the applicable statutes. As the court noted (p 358), "[W]e are compelled to consider this budgetary process in light of the total situation in the summer of 1975 characterized by the Legislature on September 1 as being disastrous and calling for extrarodinary police and emergency power. In such circumstances it is enough that statutory requirements were substantially complied with.” The actions of the Administrative Board in the instant case, on the other hand, occurred in an entirely *889 different atmosphere. The elimination of petitioners’ positions is not occasioned by a severe budgetary crisis, but rather in connection with the creation of a new position which in fact will increase the court’s budget. Under such circumstances, the provisions of subdivision 1 of section 212 must be strictly adhered to.
Respondent’s alternative argument that legally sufficient notice and opportunity to protest the board’s action were afforded petitioners by reason of informal conferences which were held with several of the petitioners during which the new job title and its ramifications were discussed, must also be rejected. The hearing contemplated by section 212 is one that is sufficiently formal so that the ensuing record may provide a basis for a subsequent determination by a court of the reasonableness of the board’s decision. (McGann v McCoy, NYLJ, May 15, 1968, p 17, col 1, affd 36 AD2d 798; see, also, Matter of Hecht v Monaghan, 307 NY 461; Matter of Erdman v Ingraham, 28 AD2d 5.) Informal meetings and conferences of the sort held here lack the assurance of notice to all class members, and, more importantly, they do not provide such a record. Moreover, while an administrative hearing cannot be measured against a court trial, it realistically should display, at the very least, a quasi-judicial aura.
For the foregoing reasons the petition is granted to the extent of remanding the matter to the Administrative Board for a full hearing and reconsideration of its decision to create the new position here in issue, following notice to all persons holding the position of Law Assistant I.