■ In the Matter of the Claim of HYMAN B. MELNIKOFF, Appellant, v. J. A. MELNIK et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. We find present here only issues of fact and credibility which the board has resolved against the claimant in the exercise of its fact-finding power, which, therefore, are not subject to our limited review (Workmen's Compensation Law, § 23; e.g., *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529; *Matter of Di Marco* v. *New York State Motor Vehicle Bureau,* 23 A D 2d 898; *Matter of Wood* v. *Colonial Tavern & Rest.,* 22 A D 2d 984, mot. for lv. to app. den. 15 N Y 2d 486; *Matter of Potapchuk* v. *Kalda Constr. Co.,* 21 A D 2d 943; *Matter of Finn* v. *Merritt, Chapman & Scott,* 20 A D 2d 731; *Matter of Duncan* v. *Trans-World Airlines,* 19 A D 2d 666; *Matter of Scarpullo* v. *Alba Barber Shop,* 18 A D 2d 1122). Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MINNIE SORRELL, Also Known as MILLIE SORRELL, Appellant.— AULISI, J. Appeal from a judgment of the County Court of Sullivan County rendered on January 14, 1963, upon a verdict convicting the defendant of the crime of selling narcotics (Penal Law, § 1751). This case was returned to the trial court (23 A D 2d 930) for a hearing pursuant to *People* v. *Huntley* (15 N Y 2d 72) to determine the voluntariness of a confession used against the defendant at the trial. Following said hearing the Trial Judge has found that the confession was voluntary and although defendant denies that she sold the heroin on July 29, 1962, or that she gave the confession, we are of the opinion that the proof in the record sustains the finding of the County Judge. In our view there is no merit to the other contentions raised by appellant. While it is true that the confession in its original form contained references to other crimes, the District Attorney and County Judge attempted to eliminate every reference to other crimes by blocking out the objectionable parts. The amended confession was read to the jury but not handed to them for inspection. Any remaining suggestions of other crimes were inextricably connected with the crime being proved and it was not erroneous to admit the confession in that state (*People* v. *Loomis,* 178 N. Y. 400; *People* v. *Infantino,* 224 App. Div. 193; Richardson, Evidence [9th ed. Prince], § 346, p. 333). Nor was it prejudicial to defendant that two witnesses in their testimony inadvertently referred to defendant's connections with other crimes. Most of these references were elicited by defendant's counsel and, at any rate, such evidence could have been directly admitted to show intent or a common scheme (*People* v. *Molineux,* 168 N. Y. 264; *People* v. *Marino,* 271 N. Y. 317). Judgment affirmed. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur.