Jasen, J.
The principal issues presented for our review are, first, whether the admission into evidence at an identification hearing and at trial of the deceased victim’s preliminary hearing testimony violates defendant’s constitutional right of confrontation; and, second, whether the failure by the District Attorney, through inadvertence or negligence, to disclose exculpatory material in his control, constitutes a denial of due process to the defendant.
The defendant was convicted, after a jury trial, of robbery in the first degree. Subsequent to testifying against the defendant at a preliminary hearing, the 85-year-old victim of the crime, Harry Wankoff, died of causes not related to the burglary. At the identification hearing and at the trial, the court received *129 in evidence, over defense counsel’s objection, a transcript of Wankoff’s preliminary hearing testimony. The testimony was to the effect that the defendant and two others forced their way into the Wankoff apartment, terrorized him and his wife for about an hour, and stole money and jewelry. The testimony continued that several days later, the defendant and .another returned to the apartment and again gained forced entry. The defendant denied any part in the robbery and testified that at the time he was at his home or his mother’s home about a block away from the victim’s apartment.
Upon this evidence, the defendant was convicted. Subsequent to the trial, it was discovered that Wankoff’s testimony before the Grand Jury concerning the identification of the two intruders who returned to his apartment a few days after the initial robbery did not correspond with Wankoff’s preliminary hearing testimony on this point. The People now concede that, based on Wankoff’s Grand Jury testimony, his preliminary hearing testimony identifying the defendant as one of the two intruders who returned to his apartment several days after the robbery was mistaken.[1] Although the Grand Jury minutes were in the trial folder of the Assistant District Attorney assigned to the trial, the discrepancy was not discovered until after the trial.[2]
Defendant contends that his right of confrontation was violated by the trial court when, pursuant to OPL 670.10,[3] the *130 deceased victim’'s preliminary hearing testimony was read into evidence at the identification hearing and at trial. The application of this statute, defendant argues, violated his right to confront the only witness against him, .since his counsel’s opportunity to cross-examine the witness on the crucial issue of his identification of defendant was severely restricted at the preliminary hearing.
While the right of a defendant in a criminal case to confront adverse witnesses is guaranteed foy the Federal and State Con-situations (U. S. Const., 6th Amdt.; N. Y. Const., art. I, § 6; see Pointer v. Texas, 380 U. S. 400, 403), a well-recognized exception to this right authorizes the use at a later proceeding of a then unavailable witness’ prior testimony provided that the defendant ait the prior proceeding has been represented by counsel who has been afforded the opportunity to adequately cross-examine the witness (Barber v. Page, 390 U. S. 719; People v. Hines, 284 N. Y. 93; People v. Qualey, 210 N. Y. 202; Pepple v. Malcolm, 35 A D 2d 1037; see, also, 5 Wigmore, Evidence [3d ed.], §§ 1395-1398, 1402).
Where there i.s an adequate opportunity to cross-examine the witness at the prior proceeding and especially if counsel for the defendant availed himself of that opportunity, the prior testimony bears sufficient “ indicia of reliability ” .and affords the trier of facts at the later proceeding a satisfactory basis for evaluating the truth of the prior testimony. (Mancusi v. Stubbs, 408 U. S. 204, 216; Dutton v. Evans, 400 U. S. 74, 89.)
Thus, the question posed is whether defense counsel had an opportunity to adequately cross-examine the witness at the preliminary hearing. It is necessary to scrutinize the prior proceeding to determine the adequacy of defense counsel’s opportunity to cross-examine the witness on the issues for which the testimony is offered, since the focus of a preliminary hearing is ordinarily narrower than that of a trial. Here, the Judge presiding at the preliminary hearing restricted defense counsel’s cross-examination to challenging “ reasonable cause ” and to laying a foundation for an identification hearing. While this is proper for the purpose of a preliminary hearing, the effect of this ruling restricted defense counsel’s ability to adequately test the reliability of complainant’s identification of the defen *131 dant. By way of example, objections were sustained to questions bearing on the correctness of the identification, the extent of the lighting at the scene of the crime, a description of the defendant’s clothing and facial features, and the complainant’s visual acuity.
We believe that defense counsel’s inability at the preliminary hearing to test the reliability of the witness’ identification of the defendant constitutes sufficient basis to find that the defendant was denied the opportunity to adequately cross-examine the now deceased witness. Since this testimony was the sole basis for defendant’s conviction, its admission into evidence was not harmless error.
That is not to say that an absent witness’ preliminary hearing testimony may never be used at trial pursuant to CPL 670.10 (see Barber v. Page, 390 U. S. 719, 725-726, supra; Pointer v. Texas, 380 U. S. 400, supra; see, also, Motes v. United States, 178 U. S. 458, 474; cf. West v. Louisiana, 194 U. S. 258, 266-267); it is enough to say that where, as here, the opportunity for cross-examination on a crucial issue is unduly restricted by the court, then the use of that testimony at trial is precluded by the confrontation clauses (U. S. Const., 6th Amdt.; N. Y. Const., art. I, § 6).
Although we hold that the witness’ preliminary hearing testimony must be excluded at a new trial as being violative of the confrontation clauses, we believe the second question posed — whether the failure by the District Attorney, through inadvertence or negligence, to disclose exculpatory material in his control, constitutes a denial of due process to the defendant — requires discussion.
We conclude that the People’s inadvertent or negligent failure to disclose the.erroneous identification of the sole witness against the defendant denied him due process of law.
There can be little doubt that the People have a duty to disclose exculpatory material in their control. (Giglio v. United States, 405 U. S. 150, 153-154; Brady v. Maryland, 373 U. S. 83, 87; People v. Savvides, 1 N Y 2d 554, 556.) The duty arises out of considerations of elemental fairness to the defendant and as a matter of professional responsibility. (Brady v. Maryland, supra, at p. 87; People v. Savvides, supra, at p. 556; see *132 American Bar Association, Project on Standards for Criminal Justice, Prosecution Function and the Defense Function, § 3.11, subd. [a].) Negligent, as well as deliberate, nondisclosure may deny due process. Good faith, therefore, may not excuse even a negligent failure to disclose unrequested exculpatory evidence where that evidence is highly material to the defense. (Giglio v. United States, supra, at p. 154; Unifed States v. Keogh, 391 F. 2d 138, 147-148.)
Here, the People’s case depended entirely on Harry Wankoff’s testimony.[4] The defendant denied being at the burglary scene and put in issue the victim’s identification. That identification was bolstered in the eyes of the jury by the victim’s testimony that he observed the defendant with another upon a second occasion, a few days after the robbery. The victim’s power of observation was thus enhanced, or so the jury could believe, and the People’s case strengthened.[5] The jury was entitled to know that the victim was mistaken, as is now conceded by the District Attorney. It might have altered their verdict.
While the rule may seem unduly harsh on the prosecution in this case, the office of the District Attorney is an entity and the individual knowledge of a case possessed by assistants assigned to its various stages must, in the final analysis, be ascribed to the prosecutorial authority. (Giglio v. United States, supra.)
In sum, we hold that the defense counsel was denied the opportunity to adequately cross-examine the sole witness against the defendant at the preliminary hearing, thereby precluding the use of the testimony at trial, and that the inadvertent or negligent failure of the District Attorney to disclose the erroneous identification of the defendant on the second occasion by the sole witness against the defendant, denied him due process of law.
*133 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, etc.

. Apparently it was the two other burglars who returned. They were arrested on complaint of the victim, identified by him and subsequently pleaded guilty in satisfaction of both incidents.

. Nor had the defendant moved for discovery of Wankoff’s Grand Jury testimony.

. Section 670.10 reads in part:
«1. * * * [Testimony given by a witness at * * * (b) a hearing upon a felony complaint conducted pursuant to section 180.60 * * * may, where otherwise admissible, be received and read into evidence at a subsequent proceeding in or relating to the action involved when at the time of such subsequent proceeding the witness is unable to attend the same by reason of death * * *
“2. The subsequent proceedings at which such testimony may be received in evidence consist of:
“ (a) Any proceeding constituting a part of a criminal action based upon the charge or charges which were pending against the defendant at the time of the witness’s testimony and to which such testimony related ”.

. Also, a transcript of the preliminary hearing testimony was submitted at a hearing pursuant to United States v. Wade (388 U. S. 218). The complainant’s station house identification of the defendant was suppressed because there was no lineup. But, the court ruled, the complainant’s preliminary hearing identification, based on observations at the time of the crime and the subsequent return, was untainted.

. In his opening statement, the prosecutor referred to the alleged return to the apartment. This was repeated four times in the court’s charge to the jury.