■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SHAWHAN ALLAH, Appellant.— Judgment, Supreme Court, Bronx County, rendered June 11, 1973, convicting defendant after trial to a jury of robbery in the first and second degrees, grand larceny in the third degree and possession of a weapon as a misdemeanor, and sentencing him to concurrent indeterminate terms of 12 years on each of the robbery counts, four years on the grand larceny count and a conditional discharge on the weapons count, unanimously modified, on the law, to the extent of reversing the conviction on the grand larceny count and dismissing that count of the indictment and, as so modified, the judgment is affirmed. In this case the defendant could not have committed robbery without having also committed larceny; the larceny offense was, therefore, an inclusory concurrent lesser count included within the greater crime of robbery. The larceny count should be dismissed. (CPL 300.40, subd. 3, par. [b]; *People* v. *Pyles*, 44 A D 2d 784.) Prior to trial a hearing was held pursuant to article 670 of the CPL to determine whether Mr. Edward Yancy, the victim of the crime, was unable to testify at the trial by reason of illness. Mr. Yancy had testified at defendant's preliminary hearing. An authenticated transcript of his testimony was made available to defense counsel and to the court by the prosecutor. Mr. Yancy's physician, the sole witness called at the hearing, testified that Mr. Yancy was suffering from a serious heart condition which rendered him totally disabled and that to compel him to testify might well prove fatal. The court found that Mr. Yancy was unable to testify at trial due to his physical condition and allowed his preliminary hearing testimony to be read. After an adverse ruling, defense counsel moved the following day for the appointment of a doctor at State expense and for other relief, in effect seeking to reopen the hearing. On this record we cannot say that the court abused its discretion. Defendant contends that his right of confrontation was violated when the victim's preliminary hearing testimony was read into evidence at trial. " While the right of a defendant in a criminal case to confront adverse witnesses is guaranteed by the Federal and State Constitutions (U. S. Const., Amend. VI; N. Y. Const., art. 1, § 6; see *Pointer* v. *Texas*, 380 U. S. 400, 403), a well-recognized exception to this right authorizes the use at a later proceeding of a then unavailable witness' prior testimony provided that the defendant at the prior proceeding has been represented by counsel who has been afforded the opportunity to adequately cross-examine the witness (*Barber* v. *Page*, 390 U. S. 719; *People* v. *Hines*, 284 N. Y. 93; *People* v. *Qualey*, 210 N. Y. 202; *People* v. *Malcolm*, 35 A D 2d 1037; see, also, Wigmore, Evidence, [3d ed.], §§ 1395–1398, 1402)." (*People* v. *Simmons*, 36 N Y 2d 126.) In *Simmons*, the Court of Appeals reversed because the defendant had been denied the opportunity to adequately cross-examine the then deceased witness at the preliminary hearing. There the Judge had restricted defense counsel's cross-examination challenging " reasonable cause" and to laying a foundation for an identification hearing. In this case defense counsel

had extensively and adequately cross-examined Mr. Yancy at the preliminary hearing. Contrary to defendant's claim, the weapons count should not be dismissed since there was evidence independent of the robbery to show possession of the knife. Indeed, Mr. Allah was arrested in possession of the knife. (See People v. Ridout, 46 A D 2d 643.) We once again observe that the use in a court's charge of the phrase "if you feel in your hearts and consciences" in defining the reasonable doubt standard is improper. (People v. Harding, 44 A D 2d 800; People v. Bell, 45 A D 2d 362; and People v. Johnson, 46 A D 2d 123.) We have considered defendant's remaining points and find them either without merit or harmless error in view of the overwhelming nature of the proof of his guilt. He was apprehended together with an accomplice moments after emerging from the building where they had robbed and attacked their victim with the proceeds of the robbery in their pockets. Concur — Kupferman, J. P., Lupiano, Tilzer, and Nunez, JJ.