Paul T. D’Amaro, J.
Defendant herein was indicted for the crimes of burglary in the first degree (two counts) and assault in the first degree (two counts), as a result of an incident that occurred on March 5, 1974. The victim, Ray Robertson, testified at a preliminary hearing in the Criminal Court of the City of New York on March 8, 1974. Since the aforesaid witness testified, he died. The District Attorney has notified defense counsel of his intention to offer the testimony of this witness at the trial pursuant to the provisions of CPL 670.10. The defendant has made this motion to preclude the District Attorney from using the aforesaid testimony, relying upon the authority of People v Simmons (36 NY2d 126). Attached to the motion papers of the defendant was a copy of the preliminary hearing minutes for the court’s perusal. A careful reading of the minutes discloses that defense counsel had the opportunity to and did fully examine Robertson as to the pertinent issues within the scope of the hearing but was limited concerning the question of identification of the assailants by Robertson. In the Simmons case (supra, p 131) the court held: "We believe that defense counsel’s inability at the preliminary hearing to test the reliability of the witness’ identification of the defendant constitutes sufficient basis to find that the defendant was denied the opportunity to adequately cross-examine the now deceased witness. Since this testimony was the sole basis for the defendant’s conviction, its admission into evidence was not harmless error.”
CPL 670.10 provides: "[Testimony given by a witness at * * * [the] hearing upon a felony complaint conducted pursuant to section 180.60 * * * may, where otherwise admissible, be received and read into evidence at a subsequent proceeding in or relating to the action involved when at the time of such *60 subsequent proceeding the witness is unable to attend the same by reason of death”.
Although there appears to be no constitutional limitation in the statute for the reception of such testimony, the courts have imposed limitations upon its admission where the defendants’ historic right to confrontation is denied thereby. The right of confrontation is "[o]ne of the fundamental guarantees of life and liberty * * * long deemed so essential for the due protection of life and liberty that it is guarded against legislative and judicial action” (Kirby v United States, 174 US 47, 55-56; Pointer v Texas, 380 US 400). The Pointer case, decided in 1964, also held that the right to confrontation is protected against State abridgment pursuant to the Fourteenth Amendment of the United States Constitution. The defendant’s right to confrontation is set forth in the Sixth Amendment of the United States Constitution, and in section 6 of article I of the New York State Constitution.
The right of confrontation did not originate in the Sixth Amendment; it was a common-law right having recognized exceptions. The purpose of the constitutional provision was to preserve that right, but not to broaden it or wipe out the exceptions (Salinger v United States, 272 US 542, 548).
Long before the Pointer case, the Supreme Court had recognized certain exceptions to the confrontation clause, such as:
(1) Permitting evidence given at a preliminary hearing to be used at trial in the absence of the witness if such absence is procured by the defendant (Reynolds v United States, 98 US 145) and preventing admission if the absence was attributable to the negligence of the prosecution (Motes v United States, 178 US 458).
(2) The admissibility of dying declarations (Regina v Perkins, 9 Car & P 395; Mattox v United States, 146 US 140).
(3) Denying the defendant the names of witnesses testifying before the Grand Jury (Wilson v United States, 221 US 361).
(4) Admitting the testimony given at a former trial by a witness since deceased (Mattox v United States, 156 US 237).
The Supreme Court has also held statutes denying the right of confrontation to be unconstitutional (Kirby v United States, 174 US 47, supra), and prohibited the admission of confessions because of a lack of adequate opportunity to cross-examine (Douglas v Alabama, 380 US 415; Bruton v United States, 391 US 123).
*61 It is therefore clear that the constitutional right to confrontation must be applied in determining the right to introduce testimony at a subsequent trial under the provisions of CPL 670.10. The courts have provided criteria in making this determination.
"Where there is an adequate opportunity to cross-examine the witness at the prior proceeding and especially if counsel for the defendant availed himself of that opportunity, the prior testimony bears sufficient 'indicia of reliability’ and affords the trier of facts at the later proceeding a satisfactory basis for evaluating the truth of the prior testimony. (Mancusi v Stubbs, 408 US 204, 216; Dutton v Evans, 400 US 74, 89.)
"Thus, the question posed is whether defense counsel had an opportunity to adequately cross-examine”. (People v Simmons, 36 NY2d 126, 130, supra.)
In the Pointer case (380 US 400, 407, supra), where the court excluded the prior testimony, it stated: "The case before us would be quite a different one had * * * [testimony] been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine.” The court therein resolved the issue on whether or not there was a complete and adequate opportunity to cross-examine. The question as to the presence of counsel was apparently not met when the court stated (p 403): "Whether there might be other circumstances making this Texas preliminary hearing so critical to the defendant as to call for appointment of counsel at that stage we need not decide on this record, and that question we reserve.”
It is pertinent at this point to examine into the scope of the preliminary hearing in this jurisdiction since the admission of preliminary hearing testimony is the subject matter of this motion.
CPL article 180 limits the inquiry to a determination of "reasonable cause.” CPL 70.10 defines the same as follows: " 'Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.”
*62 Therefore, the scope of the inquiry at a preliminary hearing is ordinarily narrower than that of a trial.
The question, therefore, that remains unanswered in the Simmons case (36 NY2d 126, supra) is whether the entire preliminary hearing testimony should be excluded or only whether that portion for which there was an absence of an adequate opportunity to cross-examine should be redacted. Although the court in the Simmons case precluded the admission of the entire testimony, it did point out that the question of identification, for which there was a restriction placed on cross-examination, was crucial. Therefore, whatever other testimony was elicited at the preliminary hearing was rendered academic. The test there is whether the prior testimony "affords the trier of facts at the later proceeding a satisfactory basis for evaluating the truth of the prior testimony.” (Simmons, supra, p 130.) There are cases which have eliminated the entire prior testimony of a witness where a face-to-face cross-examination has been denied (Morley v Castor, 63 App Div 38; Matter of Lynch, 227 App Div 477).
In the Morley case (supra), cross-examination was interrupted by an adjournment. The witness died before cross-examination could be resumed. The appellate court held that testimony given by the witness up to the point of the adjournment left the cross-examination incomplete and was therefore inadmissible.
Those cases are distinguishable in that the prior testimony to be introduced was from a previous trial, where the full panoply of cross-examination was available and not a limited inquiry as in the instant case.
The impact of the Simmons case (supra, p 131) was certainly not to eliminate the introduction of testimony from a preliminary hearing when it went on to say: "That is not to say that an absent witness’ preliminary hearing testimony may never be used at trial pursuant to CPL 670.10.” There is authority for the admissibility, of prior testimony which has been subjected to the test of cross-examination to the exclusion of testimony not so endowed (Young v Valentine, 177 NY 347).
The principle requiring the testing of testimonial statements by cross-examination has always been understood as requiring, not necessarily an actual cross-examination, but merely an opportunity to exercise the right to cross-examine if desired (5 Wigmore, Evidence, [3d ed], § 1371). Therefore, to *63 the extent that the opportunity to cross-examine existed within the scope of inquiry at the preliminary hearing, whether or not the defendant availed himself of that opportunity, the testimony is admissible at a subsequent trial (People v Gilhooley, 108 App Div 234, affd 187 NY 551). Where, on the other hand, the opportunity for cross-examination is limited by the scope of the proceedings, and cross-examination is restricted on an issue outside the scope of the proceeding, any testimony relating to that point in issue should be redacted. This would hold true whether or not the defendant makes inquiry into the forbidden area or not. To penalize a knowing attorney for not going into areas which are outside the scope of the inquiry would be ludicrous.
Redaction of a confession showing other crimes (People v Sorrell, 24 AD2d 783), or where there are two defendants (People v Boone, 22 NY2d 476; People v Jackson, 22 NY2d 446; Bruton v United States, 391 US 123, supra), is a recognized principle. The same redaction would occur with relation to the admissibility of any prior testimony for which a valid objection would be made at the time of trial (CPL 670.20).
The final question to be resolved in the case at bar is the extent to which such redaction would be permissible. It is to be noted that the term "redact” is not synonymous with excise, eliminate, remove, or expunge. The term "redact” is defined as follows: "To bring into presentable literary form; revise; edit.” (The American College Dictionary, published by Random House.)
It would therefore be permissible to make slight changes in the testimony which is admissible so as to maintain continuity without altering the basic meaning and sense of the words previously spoken. For example, as in this case, where any testimony relating to the question of identification is to be precluded; the admissible testimony may be redacted so that where the defendant is referred to, the term "person” can be substituted.
The motion herein is therefore granted to the extent of precluding the District Attorney from offering the prior testimony of the witness at the preliminary hearing to the extent that it identifies the defendant herein as the perpetrator. The motion is denied as to the balance of the testimony for which there was a full and adequate opportunity for cross-examination. The court will, prior to trial, review the testimony in the *64 presence of counsel for the purpose of redacting the same in compliance with this order.