■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE AMBROSE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 16, 1973, convicting him of felony murder, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. One of the key prosecution witnesses was a detective named Stuart, to whom defendant had allegedly made a confession. The defendant had been arrested by Stuart on April 20, 1972. He was taken to a precinct station where he declined to make a statement to Assistant District Attorney Kaye. Shortly thereafter, Stuart and his partner proceeded to take defendant by patrol car to the Criminal Court for arraignment. Stuart testified that, as they arrived at the court, "I didn't say anything. I said, 'Well, we are here' ", whereupon defendant made a confession. Assistant District Attorney Kaye testified at trial that he subsequently had a telephone conversation with Stuart, in which Stuart informed him about certain things concerning this case; the specifics of the conversation were not disclosed. As candidly revealed in the People's brief submitted upon this appeal, the District Attorney's file contains a sheet prepared by Kaye, to which is appended a reference to a telephone conversation between Kaye and Stuart (presumably the same conversation with respect to which Kaye testified at trial), wherein Stuart had related that, immediately before defendant had confessed, Stuart had told defendant that, "he had blown a good thing by not making a statement to the D. A.". Stuart's previously undisclosed statement to Kaye (i.e., that, before defendant had confessed, Stuart had told defendant that "he had blown a good thing by not speaking to the D. A.") bore upon Stuart's credibility, since it was inconsistent with Stuart's trial testimony to the effect that, prior to the making of the confession, he had not said anything to defendant other than, "Well, we are here". It follows, therefore, that since Stuart was a key prosecution witness, his prior inconsistent statement to Kaye was exculpatory evidence highly material to the defense. Consequently, the People's failure to have previously disclosed this evidence amounted to a denial to the defendant of due process of law (see *People v Simmons,* 36 NY2d 126). Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.