■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC D. CAMPBELL, Appellant.—Appeal from a judgment of the Supreme Court of Chemung County, rendered September 29, 1975, upon a verdict convicting defendant of the crime of attempted burglary in the third degree and imposing a sentence of one and one-half to three years of imprisonment. The record contains evidence that in the early morning hours of May 8, 1975 and after an establishment known as Dub's Tavern was closed, there were loud banging noises in the downstairs area thereof heard by an upstairs tenant. The tenant watched out of his window and observed the defendant walking from a rear entranceway of the establishment and then standing near a street curb a short distance from the building. The tenant then investigated and saw that the rear entranceway door had been broken open. The tenant testified to the foregoing facts and also that the defendant observed him watching from the window. The owner of the establishment testified that following the event he determined that a bottle of whiskey was missing and that when he closed the place shortly before the loud noises were heard, the rear entranceway door was locked and in good condition. The defendant did not testify, however, there were facts put in evidence which would have tended to establish that he might not have been the person who forced the door open. Furthermore, there was evidence that he

was intoxicated, but also that he was capable of thinking and acting rationally shortly after the criminal event occurred. The defendant was indicted for the crimes of burglary in the third degree and petit larceny; however, the jury found that he committed no larceny and that he did not enter the building, but did convict him of the attempt to commit burglary in the third degree. Contrary to the defendant's assertion upon this appeal, the record contains proof beyond a reasonable doubt that the defendant was capable of forming an intent to commit a crime and that he did batter upon the door, but abandoned the project when he saw the tenant watching him after the loud noises. The circumstantial evidence in this case is not of the purely equivocal nature of that relied upon by the prosecution in *People v Cleague* (22 NY2d 363). During the trial it was disclosed that on the day before its commencement the defendant had discovered that one of the police officers had made a prior written statement concerning the defendant's intoxication which had not been previously furnished the defense by the prosecution as required by defendant's pretrial motions (see *People v Simmons,* 36 NY2d 126, 131–132). The record in this case discloses that the defendant was also cited for a parole violation upon the ground that he was observed by his parole officer to be intoxicated following his arrest and at about 2:00 A.M. on May 8, 1975. One of the arresting officers made a written statement in regard to the parole violation wherein he said the defendant was intoxicated to the point of having urinated in his clothing. It is this statement which is in issue. Since the defendant at all hearings was described as intoxicated by the prosecution witness, there was no prejudice. Furthermore, the document was not in the control of the prosecution of this matter and there is no showing of any bad faith (see *Brady v Maryland,* 373 US 83; *People v Simmons, supra).* The defendant had control of the proper statement at the trial and there is no showing that he in any way received anything less than a fair and impartial trial. The defendant lastly contends that the sentence imposed was harsh and excessive and in this regard contends that the treatment as a second felony offender is unconstitutional, although he acknowledges in his brief that we have only recently held to the contrary in *People v Brown* (46 AD2d 255). This contention has no merit (see *People v Fitzpatrick,* 50 AD2d 666.) Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Herlihy, JJ., concur.