■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO JOSE ARELLANO, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered January 22, 1976, upon a verdict convicting the defendant of the crime of manslaughter in the first degree. In the trial court defendant challenged the manner in which prospective jurors were drawn, but has withdrawn that challenge. Thus the sole question before us is whether the transcript of the preliminary hearing testimony of a witness for the People was properly admitted into evidence. It is noted that the same attorney who represented the defendant at the preliminary hearing also represented him at the trial and there is no contention that his right to cross-examine that particular witness was restricted in any way at the preliminary hearing (see *People v Simmons,* 36 NY2d 126). The application to use the testimony objected to was made pursuant to article 670 of the CPL which requires, insofar as pertinent here, that the witness cannot with due diligence be found, or is outside the State or in Federal custody and cannot with due diligence be brought before the court. At the hearing held before the Trial Judge the People presented testimony describing the efforts made to locate the missing witness. These efforts were made both within this State by local police officers and outside the State by authorities in Tennessee. Information obtained in the local search indicated that the witness, a female who had lived with the defendant prior to the crime, might have fled to that State. The testimony reflects that the missing

witness was present in Ulster County a few days before the trial was scheduled to begin and had indicated to an Assistant District Attorney that she would be present for the trial. Defendant argues that since Tennessee is a signatory to the "Uniform Act To Secure Attendance Of Witnesses From Without The State In Criminal Cases" the People should have sought an adjournment of the trial to afford more time to attempt to locate the witness. However, under the circumstances herein, where the whereabouts of the witness were known until just before the commencement of the trial and the fact that she could not be located did not become apparent until after the trial had begun, an adjournment would have served no useful purpose. It must be noted, also, that while information obtained by the Ulster County authorities indicated that the witness might be in Tennessee it was never ascertained that she was actually in that State and, from the record, it seems that she was hiding from the authorities. In such a situation the application for a warrant under the uniform act would have been useless (cf. *Barber v Page,* 390 US 719). The Trial Judge properly found that the People had used due diligence in their efforts to locate the missing woman and there was ample evidence to support his conclusion. Judgment affirmed. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.