■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS TILLERY, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered March 26, 1976, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, and indictment dismissed. There was only contradictory and ambiguous evidence as to how the defendant-appellant's identity was established. Each of two police officers testified that the other had provided the defendant's name. Although a police informer was in the apartment at the time of the alleged sale, neither the informer, nor any of the other eight persons in the apartment, testified or provided any identification of the defendant. The in-court identification is of little probative value since the defendant was seated at the defense table and was the only Black male in the courtroom. "While the general rule is that, when a victim or 'a witness positively identifies a defendant as the man who committed a crime, the weight of the evidence of identification is for the jury unless it is incredible as a matter of law' (People v Seppi, 221 N. Y. 62, 68), it is our opinion that the evidence of identification was insufficient to support a finding that the evidence proved defendant to be guilty beyond a reasonable doubt" (People v Noland, 27 AD2d 663). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH WARD, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, imposed January 28, 1975, upon his conviction of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39), upon his plea of guilty, the sentence being a term of imprisonment with a minimum of one year and a maximum of life. Sentence affirmed. Defendant-appellant, who is now on parole, attacks his sentence, which section 70.00 of the Penal Law mandates to be from one year to life, with the concomitant of life parole, as being violative of the ban on cruel and unusual punishment in the Eighth Amendment to the Federal Constitution and section 5 of article I of the New York State Constitution. We find no merit in his contention (see People v Broadie, 37 NY2d 100, cert den 423 US 950). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.