OPINION OF THE COURT
Joseph Slavin, J.
The People seek an order permitting the use as evidence of a transcript of testimony given at a preliminary hearing on a felony complaint conducted in the Criminal Court.
The defendant, Phyllis Reed, was arraigned in Criminal Court, Kings County, on February 2, 1978 on a complaint of robbery in the second degree. The accusation made by the victim, Joseph McKie, stated that the defendant robbed him on February 1, 1978.
On February 17, 1978 a preliminary hearing was held in Criminal Court, Kings County, before Judge Ruth Moskowitz. Mr. McKie testified at the hearing. The hearing was brief, lasting for approximately 20 minutes and resulting in 14 pages of testimony. A copy has been supplied to the court.
On April 1, 1978 Mr. McKie died, four days prior to the *489 filing of the indictment of the defendant voted by the Grand Jury.
The death certificate, annexed to the moving papers, lists the cause of death as chronic alcoholism.
The People seek permission to introduce the aforesaid transcript on the trial of this matter. Without it, it seems that they cannot even make out a prima facie case. The People assert that under CPL 670.10 and 670.20 the court may receive and read into evidence in a criminal proceeding the testimony of a witness given at a previous proceeding relating to the same action, when the witness is unable to attend by reason of death.
The right of a defendant on the "trial” of a criminal case to confront adverse witnesses is guaranteed by the Federal and State Constitutions (Barber v Page, 390 US 719). Although there is a well-recognized exception which authorizes the use of prior testimony where the witness is unavailable, the exception rests on the underlying assumption that at the prior proceeding the defendant was represented by counsel who was afforded the opportunity to adequately cross-examine the witness. If this requirement is met, the prior testimony carries an "indicia of reliability” and gives the jury at the later proceeding a satisfactory basis to evaluate the truth of such testimony (People v Simmons, 36 NY2d 126).
The question which must be here addressed is whether defense counsel had an adequate opportunity to cross-examine Mr. McKie at the preliminary hearing. In reviewing the transcript of the preliminary hearing, the court finds that although the opportunity to cross-examine was present, it was not an adequate one. Two factors are considered. The first is the narrow scope of a preliminary hearing, and the second is the lack of knowledge by the defense that the complainant was a chronic alcoholic. The two factors combined remove the reliability of the testimony for use at trial.
A preliminary hearing is quite limited in scope and there is a much less searching exploration into the merits of the case than on a trial. The People need only present a probable cause outline of the facts. The court may narrowly limit cross-examination. The hearing is not intended to be a form of pretrial discovery nor is it a substitute for a trial itself (People ex rel. Pierce v Thomas, 70 Misc 2d 629). The purpose of a preliminary hearing is to safeguard the person charged with a felony against being improperly bound over for the action of the *490 Grand Jury solely on the basis of a complaint (People v Staton, 94 Misc 2d 1002; People v Jackson, 48 Misc 2d 1026).
Therefore, where defense counsel is not afforded the opportunity to conduct a complete and adequate cross-examination on a particular issue by reason of the narrowness of the scope of the proceeding, testimony should be excluded (People v Steeps, 52 AD2d 887; People v Kizer, 83 Misc 2d 58).
In the instant case defense counsel was unaware of Mr. McKie’s chronic alcoholism, and therefore did not go into his credibility based on such fact. Because thereof, the witness was never cross-examined as to his credibility or his accuracy of recollection. If we were to permit the People to use the testimony, it would deprive the defendant of his constitutional right of confrontation (People v Mayo, 36 AD2d 798).
The question whether the People should have disclosed Mr. McKie’s medical condition if they knew it at the time of the preliminary hearing is a question which need not be reached. It is unknown whether the People were aware and to what extent they were aware of the alcoholism. Whether Brady (Brady v Maryland, 373 US 83) type material is required to be disclosed, if then known, at a preliminary hearing, is therefore not passed upon.
In balancing the interest of the defendant to have a witness present before a jury for the purpose of his attorney’s cross-examination and of the scrutiny of the witness’ demeanor as against the interest of the public to have the witness’ testimony, we must opt in favor of the defendant. His right to a fair trial is of paramount interest.
Accordingly, the motion to use as evidence the transcript annexed to the moving papers is denied.