OPINION OF THE COURT
Fred W. Eggert, J.
The issue in this case is whether a defendant may be convicted solely upon the preliminary hearing testimony of a now unavailable complaining witness, where cross-examination on the crucial issue of credibility, although not actually restricted by court rulings, was perfunctory due to the nature of the hearing.
The background of the case is as follows:
The defendant was arrested on December 2, 1977 for robbery in the second degree. Upon arraignment, defendant was held in lieu of bail and a preliminary hearing on the felony complaint was held in criminal court on December 7, 1977, where the defendant was ably represented by the same coun *854 sel as at trial. The minutes of that hearing consist of 4 pages of direct and 8 pages of cross-examination. The only witness was the complainant, Kevin Ford, age 16, who testified that on December 1, 1977 at 9 p.m., in front of 2000 Valentine Avenue, Bronx, the defendant and another (both acquaintances of the complainant) seized him and forcibly took $500 from his sock. He testified that he notified the police and on the next day saw the defendant in the same area, called the police, and pointed out the defendant. During cross-examination there were numerous objections by the prosecutor but nearly all were overruled. A few questions were asked concerning the prior relationship and the defendant’s claim that the complainant had really lost his money to the defendant in gambling, but none were asked on the complainant’s background, the source of the complainant’s money, the reference in the UF 61 to defendant’s use of a knife during the robbery, or the conversations between the complainant and defendant in the police car after the arrest, in which the defendant is alleged to have offered restitution.
After the case was held for the Grand Jury the defendant was indicted and a jury trial was commenced before this court on May 7, 1979. Two police witnesses testified at the trial, to the effect that upon his arrest the defendant pretended not to know the complainant and had a conversation with him in the police car during which the defendant was overheard telling the complainant he would "get his money back for him” in return for "dropping charges”. The trial was then interrupted for several days while the prosecutor attempted to locate the complainant, who had disappeared on the day he had been scheduled to testify.
A hearing was then held pursuant to CPL 670.20 to determine whether personal attendance of the witness was precluded because he could not with due diligence be found. At the hearing it was established that up until the trial the complainant had fully co-operated with the prosecutor and had promised to appear on schedule; that he had disappeared from his home for the past several nights and had not gone to school, but had been seen in the neighborhood; that he was actively and intentionally hiding himself; that as a result of this hiding the police were unable to find him despite a diligent search; that a material witness proceeding had been commenced against him; and that the complainant had told one Graham Ross, who testified at the hearing, that he (the *855 complainant) was hiding because he had been paid by the defendant not to testify.
After the hearing, this court ruled that the personal attendance of the witness was precluded, whereupon a properly authenticated transcript of the criminal court hearing testimony was admitted over objection. The People rested without calling other witnesses. Decision on defendant’s motion for a trial order of dismissal on grounds of legal insufficiency was reserved until after the verdict in view of People v Brown (40 NY2d 381, cert den 433 US 913). Defendant’s case at trial consisted of placing in evidence the complainant’s alleged prior inconsistent statement about a knife as recorded in the UF 61 complaint report. The jury found the defendant guilty of robbery in the second degree. The motion to dismiss is now before the court.
Prior testimony is a traditional "hearsay exception”. There are two classes of true hearsay exceptions. One class consists of exceptions such as the regular business entry exception, which are admitted because of a belief that they have the same reliability as nonhearsay evidence. Prior testimony is in the other class, in which the admission of hearsay is dependent upon the unavailability of the nonhearsay declarant, as well as being justified by some indicia of reliability, and is thus authorized as a matter of policy, essentially as being "better than nothing”. The use of such evidence against a criminal defendant has long been considered consistent with the Sixth Amendment confrontation clause despite the fact that this procedure permits the interest of the People in proving their case to weigh more heavily then the defendant’s interest in confronting and cross-examining witnesses in the presence of the jury (Mattox v United States, 156 US 237).
The use of prior testimony in a criminal case is regulated by CPL 670.10 (subd 1), which, as applicable to the facts in this case, provides that: "testimony given by a witness at * * * (b) a hearing upon a felony complaint conducted pursuant to section 180.60 * * * may, where otherwise admissible, be received and read into evidence at a subsequent proceeding in or relating to the action involved when at the time of such subsequent proceeding the witness * * * cannot with due diligence be found”. Actual inability to produce the witness despite due diligence is also a constitutional prerequisite to the admission of prior testimony in view of the strong consti *856 tutional preference for "live” testimony complete with demeanor (Barber v Page, 390 US 719).
In this case unavailability was obvious in view of the complainant’s feigned co-operation with the prosecutor until the convenient moment of the attachment of jeopardy, followed by his deliberate hiding in order to avoid testifying. These facts are essentially the same as those in People v Arellano (55 AD2d 691), where the witness played the same game with the prosecution and the receipt of prior testimony was upheld.[1]
Having resolved the threshold question of availability, we see that although CPL 670.20 authorizes admission of an authenticated transcript of hearing testimony with no showing other than unavailability, "where * * * the opportunity for cross-examination on a crucial issue is unduly restricted by the court, then the use of that testimony at trial is precluded by the confrontation clauses (U.S. Const., 6th Arndt.; N.Y. Const., art. I, § 6)” (People v Simmons, 36 NY2d 126, 131; see, also, Mancusi v Stubbs, 408 US 204). This applies when cross-examination at the hearing is restricted by the hearing court because of the statutory scope of the hearing (People v Kizer, 83 Misc 2d 58) as well as where it is inadequate because of the absence of significant Brady (Brady v Maryland, 373 US 83) material at the hearing (People v Reed, 98 Misc 2d 488).
Nevertheless, this case presents the more troubling question of the proper use of hearing minutes where the only restriction on the opportunity to cross-examine was defense counsel’s appropriate self-restraint under the circumstances of the hearing. The problem arises from the differences between the issues and defense functions at a preliminary hearing and a trial, especially a jury trial.[2] As explained in Havey v Kropp *857 (458 F2d 1054, 1056): "the issues at a preliminary hearing and at trial are substantially different, since while at the latter the issue is the guilt or innocence of the accused, the former is concerned only with whether an offense has been committed and whether probable cause exists to hold the accused for trial * * * it is the usual practice of defense attorneys not to reveal their case and not to cross-examine further where such examination cannot result in dismissal of the charge because too much other evidence of probable cause exists.”
Thus, even if the opportunity to do a full trial cross-examination is made available, rightly or wrongly, by the hearing court, the defense is unlikely to avail itself of such an opportunity. Indeed, the defense may realize that this opportunity will be promptly withdrawn by the court if abuse is perceived. The constitutional dilemma is what to do with the hearing testimony of the now unavailable witness who has been subjected to a "hearing” cross-examination but not a "trial” cross-examination as a result of appropriate defense strategy at the hearing. Decisions of the Supreme Court of the United States and of the courts in this State give no clear guidance as to the resolution of this problem, although they often give implicit recognition to the importance of cross-examination which is adequate in fact as well as opportunity (see Mancusi v Stubbs, supra; People v Hines, 284 NY 93; People v Qualey, 210 NY 202; People v Steeps, 52 AD2d 887; People v Allah, 47 AD2d 738; People v Mayo, 36 AD2d 798, app dsmd 31 NY2d 707; People v Malcolm, 35 AD2d 1037).
Other authorities which have looked directly at this question have split into two schools of thought. One view would admit the hearing minutes, arguing that the "test is the opportunity for full and complete cross-examination rather than the use which is made of that opportunity.” (United States v Allen, 409 F2d 611, 613.) "Once the opportunity to cross-examine has been accorded, the confrontation requirement is fulfilled * * * The actual use then made of the opportunity becomes a matter of defense strategy, and deliberate trial tactics do not ordinarily exact constitutional protection.” (Phillips v Wyrick, 558 F2d 489, 496; accord Havey v Kropp, supra.)
The other view would exclude the hearing minutes, contending that: "if the opportunity to cross-examine at an original proceeding is to be a meaningful substitute for the opportunity to cross-examine in a subsequent trial, then the purpose for *858 which the testimony was originally offered and the purpose for which it is offered at the subsequent proceeding must be so similar in nature that the incentive to cross-examine and the motive of the cross-examination are substantially the same at each proceeding.” (Lyon v United States, 413 F2d 186, 189; accord United States v Wingate, 520 F2d 309; United States v Bell, 500 F2d 1287; 5 Wigmore, Evidence [Chadbourn rev ed] § 1387; see, also, Fed Rules and Evidence 804, subd [b], par [1] [in US Code, tit 28, Appendix].)
The latter position is also supportable by practical policy considerations.
The contrary position, admitting the minutes notwithstanding defense counsel’s self-restrained cross-examination, would distort the function of the hearing. In a few cases, such as where the witness is very aged, seriously ill, or a visitor from a distant jurisdiction, counsel should be on notice that the hearing minutes may have to be offered at trial, and should conduct the hearing, if any, accordingly. (The better practice would be for the prosecutor to request a conditional examination under CPL art 660.) In the ordinary case, however, there is always the possibility that the witness may become unavailable for unforeseeable reasons. The defense should not thus be forced or even encouraged to "try” every case at the hearing in preparation for this contingency.
In a case such as this one, turning on credibility, it is unlikely that the testimony at the hearing would be so incredible as to not constitute reasonable cause as a matter of law. Therefore, counsel would normally cross-examine enough to obtain some testimony for potential impeachment purposes at trial, but would not cross-examine in the manner nor to the extent necessary to attempt to suggest a reasonable doubt to a jury. A trial-type cross-examination would usually be longer and more involved. It would require production of discovery and Rosario (People v Rosario, 9 NY2d 286) material such as hospital and police records, with such defense investigation as might be needed (see People v Reed, 98 Misc 2d 488, supra). In a jail case this would all have to be ready within 72 hours of arrest (CPL 180.80).
Thus, if a trial-type cross-examination were necessary at every preliminary hearing, an intolerable burden would be placed on our already overcrowded local criminal courts, especially the New York City Criminal Court, which conducted 14,177 hearings in 1976 (1977 Report, Administrative *859 Board of Judicial Conference, p 64). Although the number of hearings may be declining for various reasons, there is, clearly, a sound policy basis for believing that: "To penalize a knowing attorney for not going into areas which are outside the scope of the inquiry would be ludicrous.” (People v Kizer, 83 Misc 2d 58, 63, supra.)
Mindful of these considerations and looking at the specific facts of the instant case, it is unnecessary to decide whether as a general rule preliminary hearing testimony of an unavailable witness should be excluded at trial whenever the defense has voluntarily eschewed a trial-type cross-examination. In this case, even assuming the bare admissibility of the hearing testimony under People v Simmons (36 NY2d 126, supra), the total evidence was insufficient to establish guilt beyond a reasonable doubt.
The complainant’s preliminary hearing testimony, while sufficient to meet the People’s burden at the hearing, was not subjected to the kind of searching cross-examination that would permit a jury to evaluate this contemptuous complainant’s credibility. All the differences between a hearing-type and trial-type cross-examination, as we have been discussing, were evident here. Most important, there was no meaningful corroboration of the complainant’s testimony. The police officers testified as to conduct and statements by the defendant at his arrest; all of this was equivocal and consistent with the defense theory that the complainant had lost his money to the defendant in gambling. There is, of course, no corroboration requirement in this case; but it certainly might have made a difference if these inherently unreliable hearing minutes were only a part of the People’s case and there was substantial corroborating evidence. Therefore, in view of the weakness and unreliability of the hearing minutes, it cannot be said that the jury had sufficient evidence upon which to base a finding of guilt beyond a reasonable doubt (see People v De Tore, 34 NY2d 199; People v Williams, 292 NY 297; People v Seidenshner, 210 NY 341; People v Becker, 210 NY 274; People v Ledwon, 153 NY 10; People v Tillery, 57 AD2d 967).
Accordingly, defendant’s motion to set aside the verdict and for a trial order of dismissal is granted on the grounds that the trial evidence was insufficient to establish the offense charged.

. There was considerable controversy in the instant case over the defendant’s role, if any, in the disappearance of the complainant. There are reasonable grounds to suspect that this defendant was involved in providing one or more incentives for the complainant to absent himself. Such a suspicion is irrelevant to both the court’s finding of unavailability and to the question of adequacy of the preliminary hearing testimony as discussed, infra. Even conclusive proof of the defendant’s involvement would be irrelevant to these issues, although the People would be able to look to the appropriate Penal Law sections for their remedy (see, e.g., Penal Law, §§ 135.65, 215.00). Of course, there is no question as to the complainant’s misconduct in failing to appear. Since this misconduct may reflect on his credibility, the adequacy of the hearing minutes must be all the more closely scrutinized as discussed, infra.

. See CPL 180.70. For an outline of the differences between the defense function on cross-examination at a hearing and at a trial see Office of Projects Development, Criminal Trial Advocacy, pp 74 and 409-410.