■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DWIGHT CORLEY, Respondent.—Order of the Supreme Court, Bronx County, entered June 20, 1979 granting defendant's motion for a trial order of dismissal and setting aside the jury's verdict convicting defendant of robbery in the second degree, reversed, on the law and the facts, the jury's verdict reinstated and the matter is remanded for further proceedings. During the trial the complaining witness, Kevin Ford, suddenly and inexplicably failed to appear to testify. After four adjournments the court conducted a hearing to discover his whereabouts. It was established he was deliberately hiding, was apparently doing so because defendant had paid him not to testify and that the prosecution had used due diligence in their efforts to locate him. After the court determined there had been sufficient direct and cross-examination of the complainant, at the preliminary hearing, to warrant doing so, the People, pursuant to CPL article 670, were thereupon permitted to introduce Ford's preliminary hearing testimony as part of their case-in-chief. The jury found defendant guilty. Subsequently the trial court reversed its earlier ruling as to the admissibility of those minutes and granted defendant's postverdict motion to dismiss the indictment (99 Misc 2d 853). A recognized exception to a defendant's constitutional right to confront adverse witnesses authorizes the use at a later proceeding of a then unavailable witness' prior testimony if the defendant, at the prior proceeding, was represented by counsel who was afforded an opportunity to adequately cross-examine the witness. *(People v Simmons,* 36 NY2d 126, 131.) Those conditions were met here. (See Richardson, Evidence [10th ed], § 278.) And, as *Simmons* manifests, the fact that the testimony was elicited at a preliminary hearing is no impediment to its use. Ford's cross-examination was not restricted in any meaningful way; hence his testimony was properly admissible at the trial. *(People v Arellano,* 55 AD2d 691.) If, as defendant suggests, the cross-examination was less than searching, that was a self-imposed limitation.

Contrary to the findings of the trial court, we find that the evidence was sufficient to establish the defendant's guilt of the crime charged. Further, we note that in addition to the preliminary hearing minutes, statements made by defendant to Ford, in the hearing of the two arresting officers, urging, "Don't press charges. I'll get you your money back", also constituted evidence of defendant's guilt. Concur—Birns, Markewich and Yesawich, JJ.; Kupferman, J. P., dissents and would affirm. [99 Misc 2d 853.]