OPINION OF THE COURT
Nicholas Colabella, J.
The People have made application pursuant to CPL article 670 to use at the trial of these defendants the testimony of Zena Everett which was given at a pretrial Wade hearing. The basis of the application is that Ms. Everett, a People’s witness, is presently unavailable and “cannot with due diligence be found” (CPL 670.10, subd 1, par [c]).
The defendants have opposed the People’s application on the grounds that the prior testimony was not given during one of the enumerated proceedings under CPL 670.10 (subd 1), i.e., the testimony was not given at a trial, or a felony hearing, or a conditional examination pursuant to CPL article 660. This court has conducted a hearing to determine whether the People have exercised due diligence *1074 in their attempts to locate Zena Everett. The People called at this hearing the mother of Ms. Everett, friends of Ms. Everett, and have, through the testimony of various police officers and District Attorney’s investigators, detailed their attempts to locate this individual based upon all the information in the possession of the People.
Based upon that hearing, the court has determined that the People have met the threshold requirement of establishing that Ms. Everett is presently unavailable and cannot with due diligence be found to testify at this trial.
The issue thus becomes whether the testimony of Ms. Everett, given at a pretrial Wade hearing, can be utilized by the People at the trial of these defendants.
It would appear from a reading of CPL 670.10 that the situation presented before this court is not one of the enumerated circumstances under which prior testimony could be utilized. However, upon a closer reading of the statute, and an analysis of the obvious legislative intent in enacting this section, it is clear to this court that this section is not meant to be read as narrowly as defense counsel urges. Initially, there can be no question that if Ms. Everett’s Wade hearing testimony was admissible in a previous proceeding as authorized under the statute, it would be admissible at the trial. There is no doubt in this court’s mind that the Wade hearing at which Ms. Everett testified was “[a] proceeding constituting a part of a criminal action based upon the charge or charges which were pending against the defendant at the time of the witness’s testimony and to which such testimony related” (CPL 670.10, subd 2, par [a]). Although technically not part of the “trial” (see CPL 1.20, subd 11) the Wade hearing, as well as other preliminary hearings held in this case, were commenced and concluded immediately prior to the swearing of the trial jury in this case. Therefore, it cannot be said that those proceedings did not constitute a part of the criminal action based upon the charge or charges which were subsequently to be brought to trial and for which the proffered testimony here was to be utilized.
In giving a more expansive reading to the statute in question, it is of particular note that the statute specifically allows testimony given at a hearing upon a felony *1075 complaint pursuant to CPL 180.60. Such a “felony hearing” is by its nature a most restrictive proceeding. Indeed, in this very case, this court found that the preliminary hearing testimony of one of the other People’s witnesses who died prior to the commencement of the pretrial hearings in this case could not be utilized under this very statute because of the restricted nature of the testimony and cross-examination allowed. That is not to say that the local court Judge overly restricted the parameters of that hearing. In fact, that preliminary hearing was held and conducted pursuant to CPL 180.60 and was properly restricted in its scope of direct and cross-examination. It defies logic to believe that the Legislature would allow the testimony at so restrictive a hearing as a felony hearing to be admitted at trial and not allow testimony taken at a previous proceeding which was more expansive in scope and in which the witness was adequately cross-examined (see People v Simmons, 36 NY2d 126).
In the case at bar, Zena Everett testified as to all the facts and details, not only of the identification procedures of which she was a part, but also of her observations of the incident forming the basis of this indictment. The District Attorney went into those incidents on his direct case and, most importantly, Ms. Everett was cross-examined extensively by two of the attorneys for the defendants. This cross-examination was not limited to her identification testimony. In fact, the District Attorney did not object to counsel’s cross-examination of Ms. Everett as to incidents forming the basis of the indictment and the court allowed a wide range of cross-examination as to all aspects of her testimony. It would appear to this court that had Ms. Everett been available to testify at the trial, she could have added no more to her testimony than that which was given at the Wade hearing, nor could defendants’ counsel have cross-examined her to any greater length regarding that testimony.
In short, this court concludes that Ms. Everett’s testimony at the Wade hearing was sufficiently detailed as to all aspects of her potential trial testimony and that counsel was afforded and took advantage of the opportunity to extensively cross-examine that witness.
*1076 One further item should be noted. As with many situations such as this arising during a trial, this court must balance the equities of a given situation. To preclude the People from using Ms. Everett’s testimony at the trial would be extremely prejudicial to their case. There is no substitute for her testimony. By contrast, the defendants are not prejudiced by the admission of that testimony. They were afforded the right of confrontation and took advantage of cross-examination to bring out important issues in her testimony. Thus, the interests of justice also require that the People be allowed to use her pretrial hearing testimony at the trial of this matter.
Accordingly, it is the decision of this court that the People’s motion to use the previous testimony of Zena Everett is granted. Counsel for the parties shall redact any improper references to identification prior to the reading of that testimony to the jury. Defense counsel will be given the opportunity to object to any question in that transcript prior to its being read to the jury and the court will rule on those objections as they arise.