The People of the State of New York, Respondent, v Kevin Harvey, Appellant. (Appeal No. 2.) [871 NYS2d 531]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) and reckless endangerment in the first degree (§ 120.25), defendant contends that Supreme Court erred in admitting in evidence a recording and transcript of a 911 call identifying defendant as the perpetrator in violation of his right of confrontation. We reject that contention inasmuch as the 911 call was not testimonial in nature (*see Davis v Washington*, 547 US 813, 826-827 [2006]; *see also People v Nieves-Andino*, 9 NY3d 12, 16 [2007]). We agree with defendant, however, that the court erred in admitting in evidence the preliminary hearing testimony of the victim. Although the People demonstrated due diligence in attempting to locate the victim for trial (*see People v Arroyo*, 54 NY2d 567, 571 [1982], *cert denied* 456 US 979 [1982]), the court unduly restricted defense counsel's cross-examination of the victim at the preliminary hearing, and thus the admission in evidence of the preliminary hearing testimony deprived defendant of his right of confrontation (*see People v Simmons*, 36 NY2d 126,

130-131 [1975]). We therefore reverse the judgment and grant a new trial on counts one and four of the indictment. Present— Martoche, J.P., Smith, Fahey and Pine, JJ.