People v Cassanova (2025 NY Slip Op 51847(U))

[*1]

People v Cassanova

2025 NY Slip Op 51847(U)

Decided on November 21, 2025

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 21, 2025
Supreme Court, Rensselaer County

The People of the State of New York,

against
Rayshawn I. Cassanova, Defendant.

IDV-60035-25/001

Hon. Mary Pat Donnelly
Rensselaer County District Attorney
Natanaelle Germain, Esq., of counsel
Rensselaer County Courthouse, Third Floor
Troy, New York 12180
For the People
Hon. Sandra J. McCarthy
Rensselaer County Conflict Defender
Kathryn S. Dell, Esq., of counsel
1600 Seventh Avenue
Troy, New York 12180
For the Defendant

Noel Mendez, J.

Defendant Rayshawn I. Cassanova ("Defendant") moves this Court for various forms of pre-trial relief, including dismissal of the criminal action pursuant to CPL 170.30 for defective pleadings and for denial of the right to a speedy trial. The People oppose. Based on the parties' submissions and exhibits attached thereto, and for the reasons that follow, the Court denies those branches of Defendant's motion seeking dismissal, grants those branches of their motion seeking other forms of pre-trial relief, to the extent of granting pre-trial hearings to be scheduled in the future, and otherwise denies all other requested relief.
FACTS AND PROCEDURAL HISTORY
Defendant is charged by misdemeanor complaint, dated June 21, 2025, with one count of Criminal Obstruction of Breathing or Blood Circulation, in violation Penal Law § 121.11 (a class A misdemeanor), for an incident allegedly occurring on that date. This Court (Rivera, J.) signed an order transferring the matter to the Integrated Domestic Violence Part due to certain Family Offense petitions that were filed relating to Defendant and the alleged victim. Insofar as the criminal matter is concerned, Defendant is presently not incarcerated but is subject to a temporary No Contact Order of Protection expiring on July 10, 2026. The People filed and served a Certificate of Compliance, dated August 27, 2025, and upon the Court's inquiry, held on September 12, 2025, certified their readiness for trial. Defendant files the instant omnibus motion seeking various forms of pre-trial relief, including dismissal of the accusatory instrument as defective and/or dismissal for having been denied the right to a speedy trial.
Matters that are transferred to this Part are subject to the same substantive and procedural laws that apply had the matter not been transferred (see 22 NYCRR 141.5 [b]).
MOTION TO DISMISS FOR DEFECTIVE COMPLAINT
Defendant seeks dismissal of the accusatory instrument as defective within the meaning of CPL 170.35 (see CPL 170.30 [1] [a]). A misdemeanor complaint is defective if it is not sufficient on its face pursuant to CPL 100.40 (see CPL 170.35 [1] [a]). CPL 100.40 (4), in turn, provides that a misdemeanor complaint is sufficient on its face when it substantially conforms to the requirements prescribed in CPL 100.15 insofar as form and content are concerned, and the allegations contained in the factual part of said instrument or any supporting depositions attached thereto provide reasonable cause to believe that the accused committed the offense charged (see CPL 100.40 [4] [a], [b]).
If the accused does not expressly waive their right to be prosecuted by misdemeanor information, the accusatory instrument must be reviewed as if it were a misdemeanor information supported by non-hearsay allegations which, if true, establish every element of the offense charged and the defendant's commission of said offense (see People v Kalin, 12 NY3d 225, 228-29 [2009]; see also CPL 100.40 [1] [c]).
A person is guilty of Criminal Obstruction of Breathing or Blood Circulation when, with intent to impede the normal breathing or circulation of the blood of another, they either apply pressure on the throat or neck of such person or block the nose or mouth of such person (see Penal Law § 121.11). Here, the misdemeanor complaint conforms to the requirements of CPL 100.15. Moreover, it provides that Defendant, on the date and time of the incident, placed their hands around the neck of the victim and picked the victim up by the neck. The instrument further alleges that Defendant then slammed the victim onto the floor, causing the victim to lose consciousness. Thus, the allegations contained in the factual portion of the accusatory instrument provide reasonable cause to believe that Defendant committed the offense charged. Finally, the accusatory instrument and the supporting deposition of the victim contain non-hearsay allegations in support of the offense charged. Thus, the Court finds that the accusatory instrument, whether reviewed as a misdemeanor complaint or as an information, is not defective within the meaning of the CPL and thus denies this branch of their motion.
MOTION TO DISMISS THE COMPLAINT ON SPEEDY TRIAL GROUNDS
Defendant alternatively seeks dismissal of the matter on the basis that they were denied the right to a speedy trial (see CPL 170.30 [1] [e]). Pursuant to CPL 30.30 (1) (b), a motion made under CPL 170.30 (1) (e) must be granted if the People are not ready for trial within ninety days [*2]of the commencement of the criminal action wherein the person is charged with one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which are a felony.
Here, Defendant stands charged with one class A misdemeanor that is punishable by a sentence of imprisonment of up to three hundred sixty-four days (see Penal Law § 70.15 [1]). The action was commenced on June 21, 2025, and the People certified their readiness on the record September 12, 2025 — approximately eighty-four calendar days from the commencement of the action. Defendant claims that the People's Certificate of Compliance is illusory because the People failed to provide what Defendant believes to be missing body camera footage of a police sergeant responding to the incident. However, an in camera review of footage provided by the People suggests that the Sergeant did not have a body camera on his person. As a result, the Court denies this branch of Defendant's omnibus motion.
MOTION TO PRECLUDE CERTAIN EVIDENCE
The defendant moves for an order precluding the use at trial of any inculpatory statements they may have made. It does not appear that the Defendant made any statements of the type contemplated by CPL 710.30. Accordingly, the Court denies Defendant's motion to preclude statements. To the extent that Defendant is requesting the prospective preclusion of any unnoticed or untimely statements, the Court will consider that request if the People give notice of such statements or attempt to introduce them at trial.
BRADY MATERIAL
The People acknowledge their continuing duty to disclose evidence favorable to Defendant pursuant to Brady v Maryland (373 US 83 [1963]), and are directed to continually do so (see generally People v Giuca, 33 NY3d 462, 473 [2019], quoting People v Simmons, 36 NY2d 126, 131-32 [1975] ["The prosecutor's duty to disclose 'arises out of considerations of elemental fairness to the defendant and as a matter of professional responsibility. Negligent, as well as deliberate, nondisclosure may deny due process. Good faith, therefore, may not excuse even a negligent failure to disclose unrequested exculpatory evidence where that evidence is highly material to the defense'"]); see also People v Vilardi, 76 NY2d 67, 73 [1990]).
CONTINUED DISCOVERY
The People are ordered to continue complying with the discovery requirements of article 245 of the CPL (see CPL 245.60), including any material, if any, discoverable pursuant to People v Rosario, 9 NY2d 286 (1961).
ORDERS PURSUANT TO SANDOVAL AND VENTIMIGLIA
The Court will hold hearings pursuant to People v Sandoval (34 NY2d 371 [1974]) and People v Ventimiglia (52 NY2d 350 [1981]) before trial at a date and time to be determined.
RENEWAL OF MOTIONS
Any requests for further motions will be decided by the Court as such requests are made.
REMAINING MOTIONS AND REQUESTS
All other motions and requests contained in the omnibus motion and opposition thereto not specifically addressed herein are denied with leave to renew upon citation to specific legal authority supporting the request.
This shall constitute the Decision and Order of the Court.
Dated: November 21, 2025
Troy, New York
Hon. Noel Mendez
Acting Justice of the Supreme Court
Papers Considered:
Parties' motion and opposition papers.